Norman MEYERSON, Plaintiff–
Appellant,

v.

HARRAH'S EAST CHICAGO CASINO,
et al., Defendants–Appellees.

No. 01–1993.

United States Court of Appeals,
Seventh Circuit.

Submitted June 27, 2002.

Decided July 11, 2002.

Norman Meyerson, Farmington, MI, for Plaintiff–Appellant.

Nicholas Anaclerio, Jr., Querrey & Harrow, Chicago, IL, for Defendant–Appellee

Before POSNER, KANNE, and EVANS, Circuit Judges.

PER CURIAM.

Once more we find it necessary publicly to remind the bar of the existence and importance of 7th Cir. R. 28(a)(1), which requires parties to appeals in diversity cases to identify in their briefs the citizenship of each party to the appeal. See, e.g., *Wild v. Subscription Plus, Inc.*, 292 F.3d 526, 528 (7th Cir.2002); *Cincinnati Ins. Co. v. Eastern Atlantic Ins. Co.*, 260 F.3d

742, 747–48 (7th Cir.2001). And likewise we must once again enjoin upon bench and bar alike the importance of scrupulous adherence to the limitations on the subject-matter jurisdiction ·of the federal courts.

 The plaintiff brought this suit, pro se, against his former employer, Harrah's East Chicago Casino, and three of the casino's employees, charging defamation and basing federal jurisdiction, necessarily, on diversity. His complaint alleged that he "resides in the State of Michigan," but residence and citizenship are not synonyms and it is the latter that matters for purposes of the diversity jurisdiction. *McMahon v. Bunn–O–Matic Corp.,* 150 F.3d 651, 653 (7th Cir.1998). In addition, the complaint does not indicate the citizenship of any of the defendants. It does identify Harrah's as an unincorporated business licensed by the State of Indiana to conduct river-boat gambling in the state, but of course the fact that a firm is licensed to do business in a state does not mean that it is a citizen of that state. Moreover, in the case of a firm that is not a corporation, its citizenship is the citizenship of its owners, partners, or other principals. And even if none of them is (and if the plaintiff is) a Michigander, if any of the other defendants are, that would defeat the complete diversity that is required for diversity jurisdiction. But that is completely obvious to anyone with the slightest familiarity with federal jurisdiction, and the subtler point, though not so subtle that it should have escaped the attention of the defendants' lawyers, is that the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be. E.g., *Carden v. Arkoma Associates,* 494 U.S. 185, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990); *Wild v. Subscription Plus, Inc., supra,* at 528; *Indiana Gas Co. v. Home*

*Insurance Co.,* 141 F.3d 314 (7th Cir.1998), rehearing denied, 141 F.3d 314, 320 (1998). Failure to go through all the layers can result in dismissal for want of jurisdiction. E.g., *Guaranty National Title Co. v. J.E.G. Associates,* 101 F.3d 57 (7th Cir. 1996).

The defendants' filings in the district court did not fill any of the gaps in the plaintiff's jurisdictional allegations. Harrah's did indicate that its correct legal name is not as alleged but instead is "Showboat Marina Casino Partnership," but it did not indicate the citizenship of the partners.

Despite the gross inadequacy of the jurisdictional allegations, the district judge proceeded to the merits and granted summary judgment for the defendants, precipitating this appeal. The appellant's opening brief contains no jurisdictional statement and should therefore not have been accepted for filing at all. The appellees' brief does contain a jurisdictional statement, but so far as bears on the existence of diversity jurisdiction states only that the district court "had diversity jurisdiction over this action." This is a gross violation of our Rule 28(a)(1). There is no reply brief.

We are vacating the judgment and remanding the case to the district court for further proceedings consistent with this opinion. That court may decide to give the plaintiff an opportunity to file an amended complaint showing that there is diversity jurisdiction after all. Otherwise the suit must be dismissed without prejudice to its being refiled in state court.

 The egregious violation of Rule 28(a)(1) by the defendants, who unlike the plaintiff are represented by counsel, is sanctionable, and we shall therefore order the defendants to show cause why they should not be punished. We have repeatedly warned litigants that violation of

the rule is sanctionable, see, e.g., *Professional Service Network, Inc. v. American Alliance Holding Co.*, 238 F.3d 897, 903 (7th Cir.2001), and have on occasion imposed sanctions. See *Wild v. Subscription Plus, Inc., supra,* at 928; *Cincinnati Ins. Co. v. Eastern Atlantic Ins. Co., supra,* 260 F.3d at 747–48; *Blockley v. The Work Center, Inc.,* No. 99–1421, 2000 WL 973625 (7th Cir. Jul. 11, 2000) (unpublished order). This may be an appropriate occasion.

VACATED AND REMANDED, AND ORDER TO SHOW CAUSE ISSUED.