Joseph NEWELL, Plaintiff–Appellant,

v.

O & K STEEL CORPORATION,
et al., Defendants–Appellees.

No. 01–3946.

United States Court of Appeals,
Seventh Circuit.

Submitted July 24, 2002.*

Decided July 24, 2002.

Rehearing Denied Sept. 20, 2002.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal. is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before CUDAHY, COFFEY, and ROVNER, Circuit Judges.

## ORDER

Joseph Newell brought this lawsuit against his former employer, O & K Company, Ltd., and other defendants, subsidiaries and employees of O & K, alleging defamation and wrongful termination. The district court dismissed the suit for lack of subject matter jurisdiction, concluding that it did not meet the requirements for diversity jurisdiction under 28 U.S.C. § 1332, Newell's asserted basis for federal jurisdiction, because Newell was domiciled in Japan. We affirm.

As an initial matter, we must decide whether Newell's appeal from the district court's judgment is properly before us. The judgment dismissing his case was entered on August 31, 2001, but Newell did not file his notice of appeal until October 29, about four weeks beyond the 30–day deadline for filing an appeal. In the interim, on September 24, Newell had filed a motion to reconsider under Federal of Civil Procedure 59. Because the Rule 59 motion was not filed within ten days of the judgment, it was untimely and should have been considered as a motion under Rule 60(b). *See Talano v. Northwestern Med. Faculty Found.,* 273 F.3d 757, 760 (7th Cir.2001); *Russell v. Delco Remy Div. of General Motors,* 51 F.3d 746, 749–50 (7th Cir.1995). In an order dated September 27, however, the court ruled that Newell "has filed a timely Federal Rule of Civil Procedure 59(e) motion," and proceeded to deny the motion. Within 30 days of that decision, Newell then filed a notice of appeal. Had the Rule 59 motion in fact been timely filed, it would have tolled the time in which to file an appeal until after the district court decided the motion, *Talano,* 273 F.3d at 760. The motion should have been construed under Rule 60(b), which does not toll the time for filing an appeal. *Bell v. Eastman Kodak Co.,* 214 F.3d 798, 800 (7th Cir.2000).

In an order dated January 29, 2002, we instructed the parties to address in their briefs the applicability of the "unique circumstances" doctrine recognized in *Thompson v. INS,* 375 U.S. 384, 84 S.Ct. 397, 11 L.Ed.2d 404 (1964), for appeals filed beyond the 30–day limit. The "unique circumstances" doctrine provides a narrow exception to the general rule prohibiting untimely appeals. *Id.* at 398–99; *In re Bond,* 254 F.3d 669, 674–75 (7th Cir.2001). The doctrine relieves a party of the consequences of filing a late notice of appeal when that party (1) performs an act, which if properly done, would have postponed the deadline for filing an appeal;

(2) relies on the district court's conclusion that the act had been properly done; and (3) files an appeal within the mistaken new deadline. *Thompson*, 84 S.Ct. at 389–99; *Bond*, 254 F.3d at 674; *Varhol v. Nat'l R.R. Passenger Corp.*, 909 F.2d 1557, 1562 (7th Cir.1990) (en banc). The Court has clarified the second factor by explaining that the party's reliance must be based on a "specific assurance by a judicial officer" that the relevant act was done properly. *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 179, 109 S.Ct. 987, 103 L.Ed.2d 146 (1989); *Bond*, 254 F.3d at 674. We, along with other circuits, have questioned the validity of the "unique circumstances" doctrine, *Varhol v. Nat'l R.R. Passenger Corp.*, 909 F.2d at 1562–63; *see United States v. Marquez*, 291 F.3d 23, 28 (D.C.Cir.2002); *Panhorst v. United States*, 241 F.3d 367, 370–72 (4th Cir.2001); however, the doctrine remains good law, *see Bond*, 254 F.3d at 674–75; *Varhol*, 909 F.2d at 1563; *Marquez*, 291 F.3d at 28; *Panhorst*, 241 F.3d at 372.

*Thompson* presented factual circumstances similar to this case. There the district court ruled that a party's Rule 59 motion for a new trial was filed "in ample time," and the party relied on that determination in believing that the time for filing an appeal had been tolled. *Thompson*, 84 S.Ct. at 398–99. The Supreme Court held that "unique circumstances" were present when the party filed an untimely notice of appeal. *Id.* In fact, the party's Rule 59 motion had not been filed within the ten-day deadline, and therefore should not have tolled the time for filing an appeal—thereby rendering untimely the party's notice of appeal filed beyond the required 60–day limit. *Id.* at 397. But the Court held that an exception was warranted based on the district court's erroneous conclusion that the Rule 59 motion was timely. *Id.* at 399.

In this case, Newell likewise meets the requirements for the "unique circumstances" exception based on the district court's ruling that he filed a timely Rule 59 motion. First, his Rule 59 motion, if properly filed (i.e., within ten days), would have tolled the time for filing an appeal. *Talano*, 273 F.3d at 760. Second, Newell relied on the district court's ruling, as stated in its September 27 order, that he had filed a timely Rule 59 motion. Third, he filed his notice of appeal within 30 days of that order. Finally, we conclude that the district court's statement that "[p]laintiff has filed a timely Federal Rule of Civil Procedure 59(e) motion" constitutes a "specific assurance by a judicial officer." *Osterneck*, 489 U.S. at 179; *Thompson*, 84 S.Ct. at 398–99; *see also Varhol*, 909 F.2d at 1563 (doctrine inapplicable because court made no affirmative statement that motion was timely); *Green v. Bisby*, 869 F.2d 1070, 1072 (7th Cir.1989) (same).

That leaves the issue of whether Newell's lawsuit was properly dismissed for lack of diversity jurisdiction. Newell is a United States citizen and is not a citizen of Japan. All the defendants except for O & K American Corp. are Japanese citizens or corporations. O & K American is an Illinois corporation with its principal place of business in Chicago.

While Newell is a citizen of the United States, in order to invoke diversity jurisdiction he must also be a domiciled within a state. *Newman–Green, Inc. v. Alfonzo–Larrain*, 490 U.S. 826, 828, 109 S.Ct. 2218, 104 L.Ed.2d 893 (1989) ("In order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States *and* be domiciled within the State."). A United States citizen who has a foreign domicile is considered "stateless" for purposes of § 1332(a) and may not invoke diversity jurisdiction. *Id.* at 828–29; *Herrick Co., Inc. v. SCS Communications, Inc.*, 251

F.3d 315, 322 (2d Cir.2001). In addition, because O & K American is an Illinois corporation, Newell must be domiciled in a state other than Illinois to satisfy the complete diversity requirement. *See, e.g., Meyerson v. Harrah's East Chicago Casino*, No. 01–1993, 2002 WL 1483222, at *2 (7th Cir. July 11, 2002) (per curiam).

Jurisdiction depends on one's domicile at the time the case commences. *Denlinger v. Brennan*, 87 F.3d 214, 216 (7th Cir. 1996). Domicile is determined by physical presence in a particular location with the "intent to remain there." *Id.* There is no single factor that determines one's domicile; rather, it is a legal conclusion drawn from the totality of the circumstances. *Galva Foundry Co. v. Heiden*, 924 F.2d 729 (7th Cir.1991). Courts consider, for example, such factors as current residence, place of employment, location of property, voter registration, driver's license registration, and payment of taxes. 13B Charles Alan Wright, Arthur A. Miller & Edward H. Cooper, Federal Practice and Procedure 2d § 3612, at 529–36 (1990). We will uphold a district court's domicile determination unless it is clearly erroneous. *Galva*, 924 F.2d at 729.

On appeal Newell argues that the district court erred in concluding that he was domiciled in Japan. He contends that Louisiana is his domicile because he had previously resided there, his mother currently resides there, he "stores goods" there, and he intends to return there at some time in the future.

In determining that Newell was domiciled in Japan, the district court first acknowledged that Newell was living in Japan when he filed suit. The district court also determined that Newell intended to remain there; the district court pointed out, for instance, that Newell moved to Japan in 1996 to begin working for O & K and, despite his employment terminating in 1997 and his visa expiring in 2000, he continued to live there. The court also noted that Newell could not be present in Chicago to pursue his lawsuit because of visa concerns that he would not be able to return to Japan, and that he filed this lawsuit only after first pursuing relief unsuccessfully in Japan's court system. *See Sadat v. Mertes*, 615 F.2d 1176, 1181–82 (7th Cir.1980) (concluding plaintiff had a foreign domicile because he remained abroad for three years after his employment in a foreign country terminated). Newell continues to live in Japan.

Moreover, Newell's contention that Louisiana is his domicile is belied by the fact that he did not mention Louisiana in his complaint; rather, he asserted that he was born in Chicago, that Chicago was his hometown, and he listed his former address as being in "Calumet, Cook County, Illinois." Only after the district court dismissed his complaint—and noted that there would not be diversity jurisdiction even if Newell were domiciled in Illinois—did Newell maintain (in his motion to reconsider) that he was domiciled in Louisiana. And while Newell now asserts that he intends to be domiciled in Louisiana, "intent" is determined by conduct, and statements of intent are given little weight when contradicted by the facts. *Galva*, 924 F.2d at 730; *Sadat*, 615 F.2d at 1181. Here, the facts relied on by the district court indicate that Newell intended to remain in Japan when he commenced this lawsuit. Because Newell was domiciled in Japan, the district court correctly concluded that it did not have jurisdiction based on diversity of citizenship. *Newman–Green*, 490 U.S. at 828–29; *Sadat*, 615 F.2d at 1181–82.

Accordingly, the district court's judgment is AFFIRMED.