# In the
# United States Court of Appeals
## For the Seventh Circuit

No. 02-2427

NORMAN MEYERSON,

*Plaintiff-Appellant,*

*v.*

SHOWBOAT MARINA CASINO PARTNERSHIP, doing
business as Harrah's East Chicago Casino,

*Defendant-Appellee.*

Appeal from the United States District Court
for the Northern District of Indiana, Hammond Division.
No. 2:01 CV 163JM—**James T. Moody**, *Judge.*

SUBMITTED NOVEMBER 20, 2002—DECIDED DECEMBER 5, 2002

Before COFFEY, EASTERBROOK, and MANION, *Circuit
Judges.*

PER CURIAM. Three years ago Harrah's East Chicago
Casino (the trade name of Showboat Marina Casino Part-
nership) fired Norman Meyerson. He filed two suits in
response: one in federal court alleging defamation, and the
other in state court alleging wrongful discharge. Showboat
removed the second, invoking the diversity jurisdiction. See
28 U.S.C. §§ 1332(a)(1), 1441(a). The district court entered
judgment against Meyerson in each case, and he filed two
appeals.

Meyerson's appeal in the defamation suit was decided last July, and we did not reach the merits because the parties had not established diversity of citizenship. See *Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616 (7th Cir. 2002) (*Meyerson I*). Meyerson's papers, filed *pro se*, ignored the issue. Showboat, despite the benefit of counsel, did little better. Although Circuit Rule 28(a)(1) requires any unincorporated association to identify the citizenship of every member, Showboat did nothing more than assert that diversity existed, without supplying details. We not only vacated the judgment but also required Showboat's lawyers to show cause why they should not be sanctioned for violating Circuit Rule 28(a). Our opinion reminded counsel that

> the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be. E.g., *Carden v. Arkoma Associates*, 494 U.S. 185 (1990); *Wild v. Subscription Plus, Inc.*, [292 F.3d 526 (7th Cir. 2002)] at 528; *Indiana Gas Co. v. Home Insurance Co.*, 141 F.3d 314 (7th Cir. 1998), rehearing denied, 141 F.3d 314, 320 (1998). Failure to go through all the layers can result in dismissal for want of jurisdiction. E.g., *Guaranty National Title Co. v. J.E.G. Associates*, 101 F.3d 57 (7th Cir. 1996).

299 F.3d at 617. The appeal of the discharge suit took longer to reach us, because the district court had directed the parties to supply jurisdictional information. Meyerson claims to be a citizen of Indiana, which would spoil diversity because Showboat concedes that it too is a citizen of that state. The district court found that Meyerson is a citizen of Michigan but did not determine Showboat's citizenships; it relied on Showboat's assertion that none of its partners is a citizen of Michigan.

In this court the parties have repeated their sorry performance of the first appeal. Meyerson's brief, filed on July 24 (two weeks after our opinion in *Meyerson I*) once again ignores subject-matter jurisdiction. We said in *Meyerson I* that the court should not accept for filing any brief, even one tendered by a *pro se* litigant, lacking the jurisdictional statement required by Circuit Rule 28. That Meyerson swiftly tendered another such brief, which the court again accepted, is disappointing. But the performance of Showboat's legal team was worse.

In response to the order issued in *Meyerson I*, the lawyers—Nicholas Anaclerio and David E. Neumeister of Querrey & Harrow, Ltd.—acknowledged their failure to comply with Rule 28 and promised that it would never happen again. They contended that sanctions beyond the public rebuke they had received in our opinion "are not necessary to further impress upon them the significance of the error they committed or the importance that it never recur."

Anaclerio and Neumeister filed that response on July 19, 2002. Relying on their representations we discharged the order to show cause on August 5, imposing no further penalty. On September 11 Anaclerio and Neumeister, joined by Jennifer Medenwald, filed Showboat's brief in the discharge appeal. This brief describes Showboat's citizenship as follows (citations to the record omitted):

> Showboat . . . is an Indiana general partnership whose partners/members are two additional Indiana general partnerships, Showboat Marina Partnership and Showboat Marina Investment Partnership. Neither Showboat nor any of its aforementioned constituent members are citizens of the state of Michigan. . . . Showboat's citizenship is in no other state but Indiana. Thus, diversity is complete.

Counsel seem not to have read the opinion in *Meyerson I*, because although "the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be" (299 F.3d at 617), their statement does not tell us the identity and citizenship of the partners in the two entities that own Showboat. Far from showing jurisdiction, this statement multiplies the questions by increasing from one to two the number of partnerships whose partners' citizenship matters. What is more, counsel seem not to have read *Guaranty National Title*, which *Meyerson I* cited. The jurisdictional statement describes Showboat and each of its constituent partnerships as "an Indiana general partnership", while *Guaranty National Title* observes: "There is no such thing as 'a [state name] limited partnership' for purposes of the diversity jurisdiction. There are only partners, each of which has one or more citizenships. To determine the citizenship . . . we need to know the name and citizenship(s) of its general and limited partners." 101 F.3d at 59.

Counsel's representation that "[n]either Showboat nor any of its *aforementioned* constituent members are citizens of the state of Michigan" (emphasis added) treats the three partnerships as having state citizenships, although *Carden* and *Guaranty National Title* hold that partnerships are not citizens of any state and that only the partners' citizenship matters. This legal error—unfathomable given the observations in *Meyerson I* addressed to these very lawyers—coupled with the lack of any factual detail about the partners, makes it impossible for us to accept the brief's statement that "Showboat's citizenship is in no other state but Indiana." Indeed, the record shows that this statement is false. An affidavit filed in the district court supplies a few details about Showboat's ownership structure. We learn, for example, that one partner of Showboat Marina Investment Partnership is Showboat Indiana Investment Limited Partnership, and one partner of *that* partnership is Show-

boat Operating Co., which according to the affidavit is incorporated in Nevada and has its principal place of business there. So Showboat is a citizen of at least one state other than Indiana. How many more partners there may be, and of what state or states they may be citizens, the record does not reveal.

Anaclerio and Neumeister made to this court a promise that they broke at their very first opportunity, a few weeks later. As we stressed in *Meyerson I*, all members of our bar must assist the court in enforcing the limits of federal subject-matter jurisdiction. Showboat's lawyers have failed miserably. We see no reason to remand this case for further proceedings to establish all details of Showboat's ownership structure. Showboat removed the case; it bore the burden of establishing diversity of citizenship, but despite multiple opportunities in the district court, the benefit of *Meyerson I*, and the vows in response to the order to show cause, that has not been accomplished. We gather that Showboat wants to keep its ownership secret. That is its owners' right, but one consequence is lack of access to federal courts under the diversity jurisdiction.

The judgment in this case therefore is vacated, and the case is remanded to the district court with instructions to remand to the state court in which the suit began. As for Anaclerio and Neumeister: we grant them 14 days to show cause why sanctions (not only fines but also suspension from practice) should not be imposed for their egregious disregard of obligations to the court—obligations that stem in part from Rule 28, in part from the statutes limiting the subject-matter jurisdiction of the federal courts, and in part from the promises made last July. This time we will not be so credulous.

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*