**Norman MEYERSON, Plaintiff–Appellant,**

v.

**SHOWBOAT MARINA CASINO PARTNERSHIP, doing business as Harrah's East Chicago Casino, Defendant–Appellee.**

No. 02–2427.

United States Court of Appeals, Seventh Circuit.

Submitted Dec. 18, 2002.

Decided Jan. 6, 2003.

Before COFFEY, EASTERBROOK, and MANION, Circuit Judges.

### Order

Our opinion in this case, the second published appellate decision in a dispute between the same parties, ordered counsel to show cause why they should not be penalized for repeated non-compliance with Circuit Rule 28—and for non-performance of the promises these lawyers made to the court following the first decision. See *Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616 (7th Cir.2002) (*Meyerson I*); *Meyerson v. Showboat Marina Casino Partnership*, 312 F.3d 318 (7th Cir.2002) (*Meyerson II*). Their response, filed on December 18, 2002, essentially says that this time, for sure, they have learned their lesson and will in the future *finally* start complying with the requirements for demonstrating diversity of citizenship. We believed them the first time, but as our opinion in *Meyerson II* concluded, "This time we will not be so credulous." Actions speak more loudly than words. That counsel could fail to reveal their client's citizenship so soon after a similar error, and after promising never to repeat it, is more informative than yet another protestation that the lesson has at last been taken to heart.

Counsel make two principal points: first, that the district judge had found subject-matter jurisdiction to exist, so they did not suppose that this would be a central issue on appeal; second, that subject-matter jurisdiction *does* exist (according to an affidavit tracing the members of the several partnership layers), so they had nothing to hide. We need not disagree with either point, but the fact remains that counsel did not do what *Meyerson I* told them was essential—and what they themselves promised to do in response to the show-cause proceedings in the wake of *Meyerson I*. The district court's decision about subject-matter jurisdiction reflected the same error that we exposed in *Meyerson I*: a belief that a partnership has a citizenship, and that it is thus enough to say something like "Partnership A is composed of Partnerships B and C, each of which is a citizen of state D." *Meyerson I* held that this will not do—yet it is exactly how counsel proceeded in *Meyerson II*, despite our instructions and contrary promises to the court. *Meyerson I* cites several other cases holding that counsel must trace citizenships through however many levels of partnerships may exist. The response filed December 18 does not attempt to demonstrate how counsel could have thought in good faith that they were complying with *Meyerson I* and the cases it cited. There was in these decisions no misleading ambiguity (and, we note, none of them is cited or discussed in the response to our order to show cause).

Promises to a judicial tribunal cannot be so lightly disavowed. Perhaps, after being twice embarrassed in public, counsel will at last hit the books, learn the law, and reform. But it is inappropriate to accept their say-so a second time.

Counsel have not asked for a hearing under Fed. R.App. P. 46, so the matter is ready for decision. Neumeister, who appeared pro se, has not incurred legal fees, so a fee-shifting award is not appropriate here. To bring home the seriousness with which we take this issue, we fine Anaclerio and Neumeister $2,000 apiece, payable to the clerk of court within 10 days. These fines may not be passed on to the client.