# United States Court of Appeals
## For the First Circuit

No. 11-1172

D.B. ZWIRN SPECIAL OPPORTUNITIES FUND, L.P.,
n/k/a FORTRESS VALUE RECOVERY FUND 1 LLC,

Plaintiff, Appellant,

v.

VIKAS MEHROTRA,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Rya W. Zobel, U.S. District Judge]

Before

Howard, Ripple,[*] and Selya,
Circuit Judges.

Eric S. Rein, with whom Michelle K. Schindler, Dykema Gossett
PLLC, Allison O'Neil and Craig and Macauley Professional
Corporation, were on brief for appellant.
John A. Shope, with whom Thomas J. Bone, Benjamin F. Nardone
and Foley Hoag LLP, were on brief for appellee.

November 18, 2011

---

[*] Of the Seventh Circuit, sitting by designation.

**Per Curiam**.  D.B. Zwirn Special Opportunities Fund, L.P., now known as Fortress Value Recovery Fund I, LLC ("Zwirn"), brought this action against Vikas Mehrotra, an investment fund manager. The suit was brought originally in Massachusetts state court on May 7, 2010.  The complaint alleged various fraud claims under Massachusetts law against Mr. Mehrotra, specifically, that he assisted an associate, Dinesh Dalmia, in defrauding Zwirn of approximately $7.5 million.  On June 11, 2010, Mr. Mehrotra removed the action to the United States District Court for the District of Massachusetts, contending that the district court had jurisdiction because the parties were citizens of different states and the amount in controversy exceeded $75,000.  See 28 U.S.C. §§ 1332, 1441.  On January 31, 2011, the district court granted Mr. Mehrotra's motion to dismiss, holding that Zwirn's complaint was filed after the statute of limitations had expired and that Zwirn had not alleged facts sufficient to support tolling the limitations period.  Zwirn then appealed the district court's judgment to this court.[1]

Mr. Mehrotra is a citizen of the State of Rhode Island. The notice of removal alleged that the plaintiff, Zwirn, "is a Delaware limited liability company with a principal place of business in New York, New York."  At oral argument, we noted that the allegations in the notice of removal were insufficient to

---

[1]  Our jurisdiction is predicated on 28 U.S.C. § 1291.

-2-

establish that the parties were diverse for purposes of diversity jurisdiction because the citizenship of a limited liability company "is determined by the citizenship of all of its members." Pramco, LLC ex rel. CFSC Consortium, LLC v. San Juan Bay Marina, Inc., 435 F.3d 51, 54 (1st Cir. 2006) (citing Carden v. Arkoma Assocs., 494 U.S. 185, 195-96 (1990)). We therefore instructed counsel for Zwirn to file "an affidavit of jurisdictional facts describing the identities and place of citizenship of each and all of the [members][2] as of the date of removal, which is the date that controls." This filing was to be under seal. We then instructed counsel for Mr. Mehrotra to advise us if he contested the contents of that affidavit.

Zwirn did not comply with our instruction that the identity and citizenship of each member be provided. Instead, it attempted to establish diversity in the negative. The affidavit that it filed in response to our request recited: "[A]s of June 11, 2010, according to the Fund's records, there were no members of the limited liability company who were citizens of Rhode Island." In his response, Mr. Mehrotra's counsel did not contest these allegations. He further assented to the constructive amendment of

_____

[2] At oral argument, we instructed Zwirn to inform us of its "limited partners" rather than its "members." As the caption of this matter indicates, Zwirn was once a limited partnership. At the time of removal, however, Zwirn was a limited liability company. The parties understood that we were inquiring about Zwirn's members, as their responsive filings discuss LLCs and members rather than LPs and partners.

the pleadings to reflect them and asserted that diversity jurisdiction had been established.

Putting aside for the moment the non-compliance with our order, these allegations are insufficient to invoke diversity jurisdiction under 28 U.S.C. § 1332. That Mr. Mehrotra is a citizen of Rhode Island and that Zwirn is not considered a citizen of Rhode Island "is not sufficient to give jurisdiction in a . . . Court of the United States." Cameron v. Hodges, 127 U.S. 322, 324 (1888). In Cameron, the defendant was an Arkansas citizen who sought to remove an action from Tennessee state court. Id. at 324-25. He attempted to invoke diversity jurisdiction by alleging "'that none of the complainants are or were at that time citizens of said State of Arkansas.'" Id. at 324. In rejecting this attempt, the Supreme Court reasoned:

> That the defendant, Hodges, was a citizen of Arkansas, in connection with the fact that none of the complainants were citizens of that State, is not sufficient to give jurisdiction in a Circuit Court of the United States. Brown v. Keene, [33 U.S.] (8 Pet.) 112, 115 [(1834)].
> The adverse party must be a citizen of some other named State than Arkansas, or an alien. All the complainants might be residents and citizens of the District of Columbia, or of any Territory, and they might not be citizens of the State of Tennessee where the suit was brought, or indeed, of any State in the Union. . . .
> This court has always been very particular in requiring a distinct statement of the citizenship of the parties, and of the particular State in which it is claimed, in order to sustain the jurisdiction of those

-4-

> courts; and inasmuch as the only citizenship specifically averred and set out in the case before us is that of the defendant, Hodges, at whose instance the cause was removed, and as that is the only ground upon which the removal was placed, it seems clear that the Circuit Court did not have jurisdiction of it, and that the suit should have been dismissed or remanded for that reason.

Cameron, 127 U.S. at 324-25.

Cameron remains the governing precedent. Although the word "States" is now defined to include the Territories and the District of Columbia, see 28 U.S.C. § 1332(e), citizens of the United States and other entities still might be citizens of no state at all under the diversity statute. For instance, United States citizens who are domiciled abroad are citizens of no state; their "'stateless' status destroy[s] complete diversity under § 1332(a)(3), and [their] United States citizenship destroy[s] complete diversity under § 1332(a)(2)." Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 829 (1989). Furthermore, Indian tribes are treated as stateless for purposes of the diversity statute. See Ninigret Dev. Corp. v. Narragansett Indian Wetuomuck Hous. Auth., 207 F.3d 21, 27 (1st Cir. 2000). Other entities are treated similarly. See, e.g., Petroleum Exploration, Inc. v. Pub. Serv. Comm'n of Kentucky, 304 U.S. 209, 217 (1938) (noting that states are not "citizens" for purposes of the diversity statute). If, therefore, any member of Zwirn is a stateless person, or an

entity treated like a stateless person, we would lack diversity jurisdiction.

We note as well that this jurisdictional issue has the potential to be iterative.  If even one of Zwirn's members is another unincorporated entity, the citizenship of each of that member's members (or partners, as the case may be) must then be considered.  See Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 420 (3d Cir. 2010); Delay v. Rosenthal Collins Grp., LLC, 585 F.3d 1003, 1005 (6th Cir. 2009); Meyerson v. Harrah's E. Chi. Casino (Meyerson I), 299 F.3d 616, 617 (7th Cir. 2002) (per curiam). Therefore, if even one of Zwirn's members is another unincorporated association, and if that association has one member or partner that is either a stateless person or an entity treated like a stateless person, we would not have diversity jurisdiction over this matter.

An issue similar to the one before us arose in Meyerson v. Showboat Marina Casino Partnership (Meyerson II), 312 F.3d 318 (7th Cir. 2002) (per curiam).  When Meyerson first reached the appellate court, the court determined that the complaint was insufficient to support diversity jurisdiction because, among other reasons, the complaint contained no allegations about the defendants' citizenship.  Meyerson I, 299 F.3d at 617.  Although the complaint did allege that one of the defendants was "an unincorporated business licensed by the State of Indiana," the court noted that the citizenship of the unincorporated entity's

-6-

owners determined the business's citizenship.  Id.  The court remanded the case for further jurisdictional inquiry.  Id.  The district court, on remand, relied on the defendant partnership's assertion that none of its partners was a citizen of Michigan, which was the plaintiff's state of citizenship.  Meyerson II, 312 F.3d at 320.  When the matter returned to the appellate court, the defendant partnership's jurisdictional statement provided:

> Showboat . . . is an Indiana general partnership whose partners/members are two additional Indiana general partnerships, Showboat Marina Partnership and Showboat Marina Investment Partnership.  Neither Showboat nor any of its aforementioned constituent members are citizens of the state of Michigan. . . .  Showboat's citizenship is in no other state but Indiana.  Thus, diversity is complete.

Id. (alterations in original).  The Seventh Circuit concluded that this "statement does not tell us the identity and citizenship of the partners in the two entities that own Showboat.  Far from showing jurisdiction, this statement multiplies the questions by increasing from one to two the number of partnerships whose partners' citizenship matters."  Id. at 320-21.

The approach in Meyerson is compatible with the Supreme Court's instruction in Cameron.  Consequently, we cannot permit this case to proceed to judgment without the additional information that we ordered at oral argument.  As noted earlier, the parties have failed to comply with that order.  Accordingly, within fifteen days of the date of this order, Zwirn shall file a statement in

-7-

compliance with this court's previous order.  In doing so, Zwirn must not only identify its members and their respective citizenship, but must also trace the citizenship of any member that is an unincorporated association through however many layers of members or partners there may be.  This filing will be under seal. Mr. Mehrotra shall inform us whether he contests Zwirn's affidavit within ten days of the filing of Zwirn's affidavit.

**IT IS SO ORDERED.**