NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 12, 2014[*]
Decided March 20, 2014

**Before**

WILLIAM J. BAUER, *Circuit Judge*

RICHARD A. POSNER, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

No. 13-3209

| | |
|---|---|
| KIM DOWNS, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Southern District of Illinois. |
| | |
| *v.* | No. 13-cv-00858 |
| | |
| INDYMAC MORTGAGE SERVICES, | David R. Herndon, |
| FSB, et al., | *Chief Judge.* |
| *Defendants-Appellees.* | |

## O R D E R

Kim Downs brought this federal suit, seeking to challenge the validity of a recent foreclosure judgment entered against her in state court. The district court dismissed her suit at screening for lack of subject matter jurisdiction. We affirm.

------

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

Downs based her complaint on the following allegations, which we regard as true for purposes of this appeal. *Swanson v. Citibank, N.A.*, 614 F.3d 400, 402 (7th Cir. 2010). The state court foreclosure judgment against her arose out of a mortgage loan that she entered into in 2006 with an unidentified party. In 2009 she entered into a loan modification agreement with IndyMac Mortgage Service (a division of OneWest Bank) and Quicken Loans, an on-line lender. Ten days later, her loan was transferred to OneWest Bank. Several months later her monthly payments nearly doubled, and Downs withheld payment because IndyMac and OneWest Bank told her they were "looking into the matter." OneWest Bank later initiated foreclosure proceedings against her in Illinois state court. After she failed to defend the case, Downs suffered a default judgment. She later lost her state court appeal.

Downs then sued the banks and her attorney in federal court, alleging that they breached her mortgage contract, deprived her of her property, and used deceptive practices to foreclose the mortgage. The district court screened the complaint under 28 U.S.C. § 1915(e)(2) and denied her leave to proceed in forma pauperis. The court questioned whether it had subject matter jurisdiction over Downs's claims: diversity jurisdiction, 28 U.S.C. § 1332, could not support this litigation because Downs and all of the defendants appeared to be citizens of Illinois; and federal question jurisdiction, 28 U.S.C. § 1331, was lacking because the "body" of her complaint concerned state law and she had not identified any cognizable federal question. The court allowed her to amend the complaint to "detail[] facts that demonstrate this Court's jurisdiction as well as the bases of her claim."

In an amended complaint, Downs elaborated upon the circumstances leading to the foreclosure and, in a jurisdictional statement, cited 42 U.S.C. § 1983 and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692.

The district court dismissed the complaint with prejudice, concluding that it lacked subject matter jurisdiction. The court explained that the amended complaint did not allege diversity of citizenship (despite Downs having been informed that her initial complaint failed to allege that she was a citizen of a state different than defendants), and the court saw "no reason to believe that leave to file a second amended complaint would result in adequate allegations of diversity." Nor did the complaint, added the court, allege federal question jurisdiction: Downs could not assert a claim under § 1983 without alleging a deprivation committed by a state actor, or under the FDCPA without alleging that any defendants were debt collectors. Finally, it was "clear" to the court

that the "heart" of Downs's suit was her desire to have the state court's foreclosure judgment invalidated—a claim barred under the *Rooker-Feldman* doctrine, *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

On appeal, Downs insists that she can establish jurisdiction and should have been allowed another opportunity to amend her complaint. Regarding diversity jurisdiction, for instance, she maintains that she alleged in her initial complaint that the defendants were corporations of different states, and that she—as a pro se litigant—should have been afforded liberal pleading construction and the "benefit of any doubt." But even pro se litigants must follow the requirements of complete diversity in federal court and identify the citizenship of each of the parties. *See Meyerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002); *Denlinger v. Brennan*, 87 F.3d 214, 217 (7th Cir. 1996). Downs does not plead her own citizenship (she cites her Illinois address, but residency does not establish citizenship, *see Meyerson*, 299 F.3d at 617), or that of her attorney. Nor does she specify where each of the defendant businesses is incorporated or has its principal place of business. 28 U.S.C. § 1332(a),(c)(1).

As for federal question jurisdiction, Downs invokes the due process clause of the Fifth and Fourteenth Amendments, as well as unspecified "constitutional rights under 42 U.S.C. [§] 1983," and "false writing and misleading statements" in violation of the FDCPA. But as the district court properly explained, these conclusory allegations are insufficient to state a claim under § 1983. *See Briscoe v. LaHue*, 663 F.2d 713, 723 (1981); *Bowman v. City of Franklin*, 980 F.2d 1104, 1107 (7th Cir. 1992); *Franklin v. Curry*, 738 F.3d 1246, 1250–51 (11th Cir. 2013). Moreover, the complaint failed to state a claim under the FDCPA, *see Schlosser v. Fairbanks Capital Corp.*, 323 F.3d 534, 536 (7th Cir. 2003), as none of the defendants was alleged to be a debt collector as defined by the statute.

Downs also argues that the district court erred when it denied her leave to amend her complaint again so that she could make allegations sufficient to allege diversity jurisdiction and state a claim under 42 U.S.C. § 1983 and the FDCPA. But Downs failed to provide the district court with a proposed filing that would have done this, and even her brief on appeal does not explain how jurisdiction could be satisfied. Because Downs has twice amended her complaint and failed to show federal jurisdiction, the district judge did not abuse his discretion by declining to allow her an opportunity to file a third. *See Airborne Beepers & Video, Inc. v. AT&T Mobility Inc.*, 499 F.3d 663, 666–67 (7th Cir. 2007); *Cacia v. Norfolk & W. Ry.*, 290 F.3d 914, 921–22 (7th Cir. 2002).

Finally, we observe that the district court dismissed Downs's FDCPA claims without prejudice and all of her other claims with prejudice. But the district court dismissed Downs's state law claims for lack of subject-matter jurisdiction or lack of federal jurisdiction under the *Rooker-Feldman* doctrine. Such a dismissal must be *without* prejudice. *See T.W. by Enk v. Brophy*, 124 F.3d 893, 898 (7th Cir. 1997) ("But when a suit is dismissed for want of subject-matter jurisdiction, that is, because the court has no power to resolve the case on the merits even if the parties are content to have it do so, it is error to make the dismissal with prejudice."); *Frederiksen v. City of Lockport*, 384 F.3d 437, 438 (7th Cir. 2004) ("The *Rooker–Feldman* doctrine is a rule of federal jurisdiction. A suit dismissed for lack of jurisdiction cannot *also* be dismissed 'with prejudice'; that's a disposition on the merits, which only a court with jurisdiction may render."). Perhaps the district court meant to dismiss Downs's FDCPA claims—which were dismissed for failure to state a claim—*with* prejudice and the remaining claims *without* prejudice. Regardless, dismissing Downs's other claims with prejudice is an easily corrected error. We modify the judgment of the district court to show that all of Downs's claims are dismissed *without* prejudice. As modified, the judgment is **AFFIRMED**.