**DC LIQUIDATORS, LLC, Plaintiff,**

v.

**WAREHOUSE EQUIPMENT SPECIALISTS, LLC and Shawn Marco, Defendants.**

**Case No. 14 C 7222.**

United States District Court, N.D. Illinois.

Signed Dec. 1, 2014.

Charles Addison Valente, Krasnow Saunders Cornblath, LLP, Chicago, IL, John G. Cossidente, Jr., Cossidente & Associates, Ltd., Tinley Park, IL, for Plaintiff.

Steven J. Kadison, Thomas M. Craig, Kamenear, Kadison, Shapiro & Craig, Chicago, IL, for Defendants.

## ORDER

MATTHEW F. KENNELLY, District Judge.

For the reasons stated below, the Court grants plaintiff's motion to remand the case [dkt. no. 10] and directs the Clerk to remand the case to the Circuit Court for the Sixteenth Judicial Circuit. The status hearing and ruling date of December 2, 2014 is vacated.

## STATEMENT

DC Liquidators sued Warehouse Equipment Specialists (WES) and Shawn Marco in state court. While the case was pending in state court in Kane County, the defendants litigated and lost a motion to quash service of summons. Following their loss on that motion, they removed the case to federal court based on purported diversity of citizenship. DC has moved to remand the case to state court.

The case must be remanded, for two reasons. First, there are limited liability companies (LLCs) on both sides of the case, as well as an individual defendant. The original notice of removal said essentially nothing about the parties' citizenship: "Plaintiff has alleged that it is an Illinois Limited Liability Company (Amended Verified Complaint, ¶ 1). Plaintiff has alleged that defendant WES is a New York Limited Liability Company (Amended Verified Complaint, ¶ 2). Defendant MARCO is a New York resident (Amended Verified Complaint, ¶ 4)." All of this was essentially meaningless on the question of citizenship.

Two days after the case was removed, the Court entered an order that directed defendants to clear up the defect or face remand:

This case was removed to federal court based on purported diversity of citizenship. The removal notice, however, does not establish a proper basis for diversity jurisdiction. It says that the plaintiff is "an Illinois limited liability company," one defendant is "a New York limited liability company," and the other defendant is "a New York resident." These allegations are insufficient. First, the citizenship of an LLC is that of each of its members, and this must be traced all the way through any corporate, LLC, or other entity members. *See, e.g., Mut. Assignment & Indem. Co. v. Lind–Waldock & Co., LLC,* 364 F.3d 858, 861 (7th Cir.2004); *Cosgrove v. Bartolotta,* 150 F.3d 729, 731 (7th Cir.1998). Second, what is relevant for jurisdictional purposes is the state of a defendant's citizenship, not its residency, and the two are not necessarily the same. Unless

defendant files, by 10/2/2014, an amended removal notice that properly describes a basis for federal subject matter jurisdiction, the Court will remand the case to state court.

A few days later, defendants filed an amended notice of removal that said this: Plaintiff has alleged that it is an Illinois Limited Liability Company (Amended Verified Complaint, ¶1). According to public records contained in the Illinois Secretary of State's office, plaintiff is incorporated in Illinois. Plaintiff's principal office is located in Batavia, Illinois. See LLC File Detail Report attached hereto as Exhibit 11. Plaintiff's managers are Devin R. Neuneker, a resident of Batavia, Illinois and Robert R. Salus, also a resident of Illinois. See LLC managers report attached hereto as Exhibit 12. On information and belief, these are the only members of the plaintiff LLC. On information and belief, plaintiff's principal place of business is in Illinois. Defendant WES is a New York Limited Liability Company incorporated in the State of New York. Its sole member is defendant Shawn Marco. See, also, Amended Verified Complaint, marked as Exhibit 3, ¶5. Defendant MARCO is a New York resident, Amended Verified Complaint, ¶4.

This did not solve the problem the Court had identified. Though defendants purported to identify the members of the LLCs, they described only their *residence*, not their citizenship. Citizenship for diversity purposes consists of domicile, *see, e.g., Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir.2002), and a person's domicile is not necessarily the same as his residence. *See, e.g., Meyerson v. Harrah's E. Chicago Casino*, 299 F.3d 616, 617 (7th Cir.2002).

■ Before the Court could take further action, DC moved to remand the case,

pointing out the continuing defect just described and also contending that defendants had not removed the case in timely fashion. At the initial hearing on the motion on October 21, 2014, defendants' attorney handed up an affidavit stating that the individual defendant (Marco) is domiciled in New York and that he is the only member of WES. As both plaintiff's attorney and the Court noted at the time, that still did not solve the problem, because the affidavit said nothing about the citizenship of the members of the plaintiff. The Court notes that defendants have done nothing further to clear up this problem. (The Court also notes that they never actually filed the affidavit they displayed on October 21, but that is the least of the problems here.) In short, despite having been given multiple opportunities, defendants have not established that diversity of citizenship actually exists.

■ The second problem with the removal is that it was untimely. The removal statute requires the removing party or parties to file the notice of removal "within thirty days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). Defendants did not do so. The case was filed in state court on March 27, 2014. Plaintiffs filed an amended complaint on April 24, 2014. They later filed in state court an affidavit of service stating that they had served Marco and WES on June 6, 2014. Defendants moved to quash service in state court on July 17, 2014, stating that the purported service was inadequate for various reasons. After briefing, the state court judge entered an order on August 26, 2014 denying the motion to quash (the same order granted a motion by DC for a temporary restraining order). *See* Am. Not. of Removal, Ex. 10 (dkt. no. 8–

10). Defendants themselves characterize this order as a ruling "that defendants had been properly served with process." *Id.* ¶ 11. Defendants filed their notice of removal three weeks later, on September 16, 2014.

As DC argues, the state court's order concluding that defendants had been properly served, which was entered while the case was still before that court, retains its full force and effect. "Whenever any action is removed from a State court to a district court of the United States, ... [a]ll injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court." 28 U.S.C. § 1450. The state court ruled that defendants had been properly served as of June 6, 2014. Thus the time for them to remove the case expired on July 6, 2014. Defendants could have removed the case and then litigated the question of service in this Court. Instead, however, they chose to litigate it in state court, and they lost. Under section 1450, the state court's ruling is binding on them, and the upshot is that the thirty days for removal started to run as of the date of proper service, June 6, 2014. The only basis for defendants to contend that they removed the case in timely fashion is to essentially ignore the state court's ruling on the question of service and attempt to relitigate it. *See* Defs.' Resp. in Opp. to Pl.'s Mot. to Remand at 3–5. Section 1450 prevents them from doing that. Assuming there might be cases in which a federal court could revisit a ruling of this type, defendants have offered no good reason for doing so here. In fact, in their response to the motion to remand, they sidestepped the point entirely and did not respond to DC's citation of section 1450.

In sum, defendants have not shown that complete diversity of citizenship exists,

and even if they had done so, they did not remove the case in timely fashion. The Court therefore grants plaintiff's motion to remand the case [dkt. no. 10] and directs the Clerk to remand the case to the Circuit Court for the Sixteenth Judicial Circuit.