LOUIS L. STANTON, U.S.D.J.
This memorandum addresses points which are somewhat esoteric, but important because they affect the presence or absence of diversity jurisdiction: the difference between "citizens" and "residents." Diversity jurisdiction depends on different citizenship, and on the citizenship of each member of a limited liability company.
Article III, Section 2 of the Constitution gives the federal courts jurisdiction to controversies "between Citizens of different States" (not residents), a distinction which is echoed in 28 U.S.C. § 1332(a)(1) granting district courts original jurisdiction of all civil actions where more than $75,000 is in controversy, between "citizens of different states." Residences matter only if they assist in establishing domicile and citizenship. These are technical jurisdictional pleading requirements that are not widely known, but must be observed because regardless of their places of residence, the consequence of a party (which includes any member of a limited liability company) whose citizenship is the same as any adversary's is a lack of diversity jurisdiction, and the court simply has no power to hear the case.
*322 The complaint relies upon this court's diversity jurisdiction:
Jurisdiction is based upon diversity of citizenship among the parties. The amount in controversy exceeds $75,000, exclusive of costs. This Court thus has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.
Compl. ¶ 5.
For the reasons that follow, the complaint does not adequately allege the existence of diversity jurisdiction. Accordingly, plaintiffs are directed to file, on or before July 22, 2016 affidavits or an amended complaint adequately establishing the existence of subject-matter jurisdiction.
DISCUSSION
28 U.S.C. § 1332(a)(1) provides that district courts shall have jurisdiction over cases involving over $75,000 between "citizens of different states."
Plaintiff Avant and defendant W108 are limited liability companies. Compl. ¶¶ 2, 4. A limited liability company takes the citizenship of its members. Bayerische Landesbank, New York Branch v. Aladdin Capital Mgmt. LLC, 692 F.3d 42, 49 (2d Cir.2012) ("Defendant Aladdin is a limited liability company that takes the citizenship of each of its members."); Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir.1998) ("we conclude that the citizenship of an LLC for purposes of the diversity jurisdiction is the citizenship of its members."). "A complaint premised upon diversity of citizenship must allege the citizenship of natural persons who are members of a limited liability company and the place of incorporation and principal place of business of any corporate entities who are members of the limited liability company." New Millennium Capital Partners, III, LLC v. Juniper Grp. Inc., No. 10 Civ. 46 (PKC), 2010 WL 1257325, at *1 (S.D.N.Y. Mar. 26, 2010), citing Handelsman v. Bedford Vill. Assocs. Ltd. P'ship, 213 F.3d 48, 51-52 (2d Cir.2000) (demonstrating the complexities occasionally presented by the application of these (and partnership) rules).
The complaint gives the principal places of business of these limited liability companies, and whether their members reside in Connecticut:
Plaintiff Avant Capital Partners LLC is a Delaware Limited Liability Company with its principal place of business at 700 Canal Street, 5th Floor, Stamford, Connecticut 06902. All of its members reside in the State of Connecticut.
...
Defendant W108 Development LLC is a New York Limited Liability Company registered with the New York Secretary of State with its principal place of business at 2025 Broadway #12K, New York NY 10023. Upon information and belief, no member of this LLC resides in Connecticut.
Compl. ¶¶ 2, 4.
But "The allegations of the residences of the individuals-and there is not even that as to one of them-are not equivalent to allegations of citizenship and therefore are insufficient." Krause v. Forex Exch. Mkt., Inc., 356 F.Supp.2d 332, 336 (S.D.N.Y.2005).
Furthermore, if either of the LLC-parties have members which are LLC's, the citizenship of the members of those LLC's must also be given, and must be diverse: "Consequently, an LLC's jurisdictional statement must identify the citizenship of each of its members as of the date the complaint or notice of removal was filed, and, if those members have members, the citizenship of those members as *323 well." Thomas v. Guardsmark, LLC, 487 F.3d 531, 534 (7th Cir.2007).
Nor does the blanket assertion that none of W108's members resides in Connecticut suffice, not only because it deals only with the residence (rather than citizenship), but also because "Stating merely that the party is not a citizen of his adversaries' states of citizenship leaves open the prospect that he is not a citizen of any state: he could be a U.S. citizen domiciled abroad. If so, he could neither sue nor be sued under Section 1332(a)(1)'s requirement for diversity between 'citizens of different States.' " Prospect Funding Holdings, LLC v. Fennell, No. 15 Civ. 4176 (LLS), 2015 WL 4477120, at *1 (S.D.N.Y. July 15, 2015), citing Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 828, 109 S.Ct. 2218, 2221, 104 L.Ed.2d 893 (1989) ; D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra, 661 F.3d 124, 125 (1st Cir.2011) (complaint alleging "no members of the limited liability company who were citizens of Rhode Island" insufficient to establish jurisdiction pursuant to 28 U.S.C. § 1332 ); see also Brown v. Diversified Maint. Sys., LLC, No. 16 Civ. 230 (LJV), 2016 WL 3207712, at *3 (W.D.N.Y. June 10, 2016) (collecting cases).
CONCLUSION
"Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653 (2012). Plaintiffs shall file affidavits or an amended complaint on or before July 22, 2016 adequately establishing the existence of subject-matter jurisdiction, or the action may be dismissed without further notice, for lack of jurisdiction.
So ordered.