UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

United Services Automobile
Association

           v.                          Civil No. 17-cv-587-JD
                                        Opinion No. 2018 DNH 055
Broan-Nutone LLC


                        O R D E R

     United Services Automobile Association ("USAA") brought

suit in state court, as the subrogee of Chad St. Francis,

alleging product liability claims against Broan-Nutone LLC that

arose from a house fire.  Broan-Nutone removed the case to this

court based on diversity of citizenship, 28 U.S.C. § 1332.  USAA

moves to remand on the ground that diversity jurisdiction is

lacking.  Broan-Nutone objects.


                     Standard of Review

     A defendant may remove a case to a federal district court

from state court based on diversity of citizenship under § 1332.

28 U.S.C. § 1441(b).  After removal, a plaintiff may move to

remand the case to state court for lack of subject matter

jurisdiction.  28 U.S.C. § 1447(c).  When a plaintiff challenges

diversity jurisdiction for purposes of removal and moves to

remand, the defendant bears the burden of showing that

jurisdiction exists.  Amoche v. Guarantee Tr. Life Ins. Co., 556 F.3d 41, 48 (1st Cir. 2009).

## Discussion

In support of its notice of removal, Broan-Nutone represented that complete diversity of citizenship existed between USAA and itself.  Broan-Nutone stated that USAA is "a Texas entity with a principal place of business located in San Antonio, Texas," while Broan-Nutone is a Delaware corporation with a principal place of business in Hartford, Wisconsin.  Doc. no. 1 at 1.  USAA moves to remand, however, on the ground that the parties are not diverse because it is "a reciprocal inter-insurance exchange—an unincorporated association-with members in all fifty states, including Delaware and Wisconsin."  Doc. no. 10 at 2.  Broan-Nutone objects to the motion to remand, challenging USAA's status as an unincorporated association.

For purposes of diversity jurisdiction, an unincorporated association's citizenship is determined based on the citizenship of all of its members.  Carden v. Arkoma Assocs., 494 U.S. 185, 195-96 (1990); Lompe v. Sunridge Partners, LLC, 818 F.3d 1041, 1046-47 (10th Cir. 2016); D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra, 661 F.3d 124, 125 (1st Cir. 2011).  Other courts have held that USAA is an unincorporated association for purposes of diversity jurisdiction.  See Ross v. USAA, 2017 WL

2

6316742, at *2 (S.D. Ohio Dec. 11, 2017); USAA v. Cataldo, 2015 WL 12859426, at *2 (M.D. Fl. Sept. 16, 2015) (noting that "the Second, Fifth, Eighth, and Tenth Circuits and myriad district courts have all determined that [USAA] is an unincorporated association" and citing cases); Garcia-Torres v. Salamanca-Rivera, 2010 WL 3505133, at *1 (D.P.R. Sept. 3, 2010).

In its objection to the motion to remand, Broan-Nutone contends that USAA has taken contrary positions in other cases, in order to support diversity jurisdiction. Based on USAA's positions in other cases, Broan-Nutone contends that USAA has admitted that it is a Texas corporation with a principal place of business in Texas. As a result, Broan-Nutone contends, diversity jurisdiction exists in this case. USAA filed a reply that refutes Broan-Nutone's theory that the basis for subject matter jurisdiction may be admitted or waived.[1]

"Federal courts are courts of limited jurisdiction. They cannot act in the absence of subject matter jurisdiction, and they have a sua sponte duty to confirm the existence of jurisdiction in the fact of apparent jurisdictional defects." United States v. Univ. of Mass., Worcester, 812 F.3d 35, 44 (1st Cir. 2016). "[N]o action of the parties can confer subject-matter jurisdiction upon a federal court." Ins. Corp. of

---

[1] Broan-Nutone did not file a surreply.

3

Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982).  Further, a defendant's prior representations or concealment of its citizenship is irrelevant to jurisdiction because "[f]ederal judicial power does not depend upon prior action or consent of the parties."  Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 377 n.21 (1978).

Even if USAA represented a different corporate status in other cases, that would not be conclusive for purposes of jurisdiction in this case.[2]  Broan-Nutone has not shown that USAA is a Texas corporation rather than an unincorporated association.  Instead, USAA's motion to remand, along with the many cases that have considered USAA's status for purposes of diversity jurisdiction, establish that it is an unincorporated association.  Based on that status, USAA is a citizen of each state where its members are citizens, and Broan-Nutone does not dispute that USAA has members in Delaware and Wisconsin.

Therefore, Broan-Nutone has not carried its burden to show that diversity jurisdiction exists in this case.

---

[2] To the extent Broan-Nutone intended to rely on the doctrine of judicial estoppel, it has not shown that USAA prevailed in any other case based on a different representation of its corporate status.  See Thore v. Howe, 466 F.3d 173, 180-81 (1st Cir. 2006) (discussing elements of judicial estoppel).

4

Conclusion

For the foregoing reasons, the plaintiff's motion to remand (doc. no. 10) is granted.

The clerk of court shall remand the case to the Rockingham County Superior Court.

SO ORDERED.

_Joseph A. DiClerico, Jr._
Joseph A. DiClerico, Jr.
United States District Judge

March 16, 2018

cc:  Andrew D. Black, Esq.
     Michael D. Ramsdell, Esq.
     Ghassan Sara, Jr., Esq.