In the

# United States Court of Appeals

## For the Seventh Circuit

No. 02-1564

ISI INTERNATIONAL, INC.,

*Plaintiff-Appellant*,

*v.*

BORDEN LADNER GERVAIS LLP and
BORDEN ELLIOT SCOTT & AYLEN,

*Defendants-Appellees*.

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 98 C 7614—**Suzanne B. Conlon**, *Judge*.

ARGUED DECEMBER 3, 2002—DECIDED JANUARY 21, 2003

Before EASTERBROOK, MANION, and EVANS, *Circuit Judges*.

EASTERBROOK, *Circuit Judge*. The first time this case was here, we reversed the district court's decision that it lacked personal jurisdiction over the defendant, a Canadian law firm, and remanded so that the judge could evaluate other arguments. See *ISI International, Inc. v. Borden Ladner Gervais LLP*, 256 F.3d 548 (7th Cir. 2001). The district judge then dismissed the case a second time, invoking the doctrine of *forum non conveniens* and relegating plaintiff to the Canadian forum (where the law firm has already filed an action to keep the dispute warm). The judge determined that the balance of convenience tips so

strongly in Canada's favor that it overcomes the strong presumption in favor of honoring the plaintiff's choice of forum. See *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255 (1981); *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947). Appellate review of this decision is deferential.

Only a brief recap is necessary, given our earlier opinion. Bert Reitsma, a Dutch national living in Canada, invented a medical device that he licensed to ISI Surgical Instruments Canada, Ltd. (incorporated in Ontario). ISI Canada was acquired by ISI International (incorporated and with headquarters in Illinois) in order to combine Reitsma's invention with an innovation owned by Jokari/US, Inc. (a Texas corporation). Reitsma had a falling out with other principals of ISI International and asked Scott & Aylen, a partnership of solicitors based in Ottawa, to withdraw pending patent applications and warn ISI International's customers that it lacked any rights to Reitsma's invention. Scott & Aylen did so, and ISI International's business crumpled. It sued Reitsma, who was ordered to pay $290 million in damages; the judgment also confirmed that ISI International, not Reitsma, owns the intellectual property. (It reinstated the patent applications and since our last decision has received a U.S. patent on Reitsma's invention.) In this suit, begun against Scott & Aylen and continued against its successors, ISI International contends that Scott & Aylen violated not only U.S. trademark law but also fiduciary duties that the law firm owed to ISI International as a client. Scott & Aylen replies that ISI International was never its client and that it owed ISI International no duty of loyalty.

The district judge concluded that the suit should proceed in Ontario not only because more potential witnesses are located in Canada than the United States but also because a Canadian court best knows the Canadian law of lawyer-client relations. Neither of these reasons is strong. Travel between Ontario and Illinois requires only a short

and inexpensive journey; Ottawa is closer to Chicago than is New York City. Moreover, the district judge's need to learn Canadian fiduciary law has a mirror image: if the suit proceeds in Canada, the Canadian judge may need to learn and apply the U.S. rules under the Lanham Act, which supplied the basis of federal jurisdiction. The Canadian law of attorney-client relations is hardly such an alien body of doctrine that only a judge steeped in its tradition could fathom its tenets. Nor is a U.S. judge's desire to avoid the burden of mastering a new legal subject an adequate reason to send litigants packing. And although procedure in Canada departs in some respects from that in the United States, so there is a chance that some evidence admissible here would be inadmissible there, this also is a mirror image—not only with respect to admissibility questions but also with respect to compulsory process (some witnesses who could be compelled to appear in the United States could not be compelled to give live testimony in Canada, and the reverse). None of these considerations so strongly supports the Canadian venue that the plaintiff's choice must be overridden.

Nonetheless, two additional considerations lead us to conclude that the district court did not abuse its discretion in relegating ISI International to the Canadian forum. First, Scott & Aylen no longer exists. It was succeeded as part of a merger by Borden Elliot Scott & Aylen, and although this partnership continues to exist all of its partners practice through Borden Ladner Gervais LLP, the survivor. The parties dispute which among the entities, and who among the individual partners, is liable for Scott & Aylen's debts. The district judge was unable to resolve this question, the parties have not reached agreement on it, and an Ontario court may have to do so no matter what, if an effort is made to collect in Ontario any eventual judgment. If this aspect of the parties' dispute is going to land in Ontario no matter what, why not handle the whole suit there?

Second, and more important, the Lanham Act claim that justified the presence of this case in federal court turns out to be untenable. ISI International contends that Scott & Aylen violated §43(a)(1)(B), 15 U.S.C. §1125(a)(1)(B), by sending letters misleadingly asserting that ISI International lacks any right to license or practice Reitsma's invention and falsely asserting that Reitsma himself had a patent. (Scott & Aylen concedes knowing that Reitsma never obtained a patent in his own name, although it represented otherwise in the letters sent to ISI International's clients.) After our first decision in this case, *First Health Group Corp. v. BCE Emergis Corp.*, 269 F.3d 800 (7th Cir. 2001), held that letters sent to customers do not come within the scope of §43(a)(1)(B)—which is limited to false or misleading "commercial advertising or promotion" and does not cover all deceitful business practices. Recognition that ISI International's Lanham Act claim fails on the merits does not deprive the district court of jurisdiction, for the claim was not frivolous, see *Bell v. Hood*, 327 U.S. 678 (1946), but it does deprive ISI International of any substantial interest in having the remainder of the suit resolved in federal court. Indeed, even if we were to declare that the district court abused its discretion by using the doctrine of *forum non conveniens*, that court would be free to relinquish supplemental jurisdiction now that the claim under federal law has been resolved, see 28 U.S.C. §1367(c)(3), a step that would have the same practical effect as the use of *forum non conveniens*. (One of Scott & Aylen's partners is a U.S. citizen domiciled in Canada; she has no state citizenship, so the diversity jurisdiction is unavailable. See *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829 (1989).)

Because no claim under U.S. federal law remains in the case, and the parties are not of diverse citizenship, the most appropriate place for this litigation is Ontario (for, as the

first appeal showed, it could be difficult to obtain personal jurisdiction over Scott & Aylen or its successors in any state court). Accordingly, the judgment of the district court is

AFFIRMED.

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*