**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1031
_____

CAROLYN FREIDRICH
f/k/a Carolyn Zimmermann,
                                        Appellant

v.

THOMAS DAVIS
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-12-cv-05604)
District Judge:  Honorable Anita B. Brody
_____

Submitted under Third Circuit
LAR 34.1(a) on
September 12, 2014

Before:  RENDELL, GREENAWAY, JR., and SLOVITER,
*Circuit Judges*.

(Filed: September 22, 2014)


Michael J. Elliott, Esq.
Scanlon & Elliott
159 South Main Street
Suite 400
Akron, OH  44308

Andrew R. Spirt, Esq.
Golomb & Honik
1515 Market Street
Suite 1100
Philadelphia, PA  19107
       *Counsel for Appellant*

Gerard F. Lipski, Esq.
Kennedy, Campbell, Lipski & Dochney
1818 Market Street
Suite 2510
Philadelphia, PA  19103
       *Counsel for Appellee*

_____

OPINION

_____

SLOVITER, <u>*Circuit Judge*</u>.

Carolyn Freidrich ("Freidrich") and Thomas Davis ("Davis"), both American citizens, were passengers on a U.S. Airways flight in 2010 from Philadelphia, Pennsylvania to Munich, Germany.  Freidrich alleges that, during the flight, Davis left his seat and, while standing in the aisle waiting to use the lavatory, he fell on her, breaking her arm.  In 2012, Freidrich filed suit against Davis for her injuries in the United States District Court for the Eastern District of Pennsylvania based on diversity jurisdiction.  Davis subsequently moved to dismiss the suit for lack of subject matter jurisdiction.  The District Court granted Davis' motion to dismiss.  Freidrich filed a timely appeal.  For the following reasons, we will affirm.[1]

_____

[1] The District Court dismissed for lack of subject matter jurisdiction under 28 U.S.C. § 1332.  This Court has jurisdiction over the District Court's final order under 28 U.S.C. § 1291.

2

I.

Freidrich invoked diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), claiming that she was a citizen of Ohio and that Davis was a citizen of Pennsylvania. Davis filed a motion to dismiss for lack of subject matter jurisdiction, claiming that he was domiciled in Germany and no longer a citizen of Pennsylvania. The District Court allowed for limited discovery on the issue of domicile and held an evidentiary hearing on November 20, 2013.

Following the hearing, the District Court, in a Memorandum Opinion dated December 16, 2013, concluded that Davis is domiciled in Germany, not Pennsylvania. The District Court made the following findings of fact:

1. Both Freidrich and Davis are American citizens.

2. Davis was born in June 1951 in Harrisburg, Pennsylvania.

3. From 1985 to 1996, Davis lived in a home he owned at 108 Blacksmith Road, Camp Hill, Pennsylvania.

4. In 1996, Davis moved from Pennsylvania to Germany. Since 1996, he has continuously resided in Germany with the exception of a six-month period in 1999 when he temporarily returned to Pennsylvania for work.

5. In September 1999, Davis sold his home at 108 Blacksmith Road. He currently owns no property in Pennsylvania.

6. In July 2005, after deciding to remain in Germany, Davis and his wife purchased a home at Hintere Gerbergass 7, Nordlingen, Germany. They continue to reside there.

3

7.	Since 1999, Davis has owned his own consulting company, Davis Consulting, a German corporation with exclusively German customers.

8.	From 2000 to 2011, Davis filed German tax returns using a German address.

9.	Davis holds a German driver's license issued in February 1998.

10.	Davis holds a German residency permit issued in October 2003.

11.	Since 2009, Davis has visited the United States approximately twice a year for seven to ten days at a time primarily for the purpose of visiting family in the Mechanicsburg, Pennsylvania area.

12.	When he visits Pennsylvania, Davis stays with either his mother-in-law in a one[-]bedroom apartment at 5225 Wilson Lane, Mechanicsburg, Pennsylvania, or with his mother in a two-bedroom cottage in a Mechanicsburg, Pennsylvania retirement community.

13.	Davis votes in U.S. national elections by absentee ballot in Cumberland County, Pennsylvania.  In September 2012, Davis filed a Federal Post Card Application Voter Registration and Absentee Ballot Request [("Registration and Ballot Request form")]. Davis listed [his home in Nordlingen, Germany] as his current address.  Davis listed his mother-in-law's Mechanicsburg, Pennsylvania address as his U.S. address for voting purposes.

14.	Davis checked a box on the Registration and Ballot Request form that reads: "I am

4

a U.S. citizen residing outside the U.S., and I intend to return."

15. Davis holds a Pennsylvania driver's license issued in August 2011. The license lists his mother-in-law's Mechanicsburg, Pennsylvania address.

16. From 2000 to 2012, Davis filed U.S. tax returns using a German address.

17. Davis has a 401K retirement account with American Express. Davis also has a bank account in Pennsylvania with Santander Bank that he keeps in order to access U.S. currency.

18. Davis and his wife consulted local German authorities about becoming German citizens, but he has retained his American citizenship.

19. At his deposition, Davis testified that he intends to remain in Germany for the rest of his life. He also testified that he and his wife discussed the issue and jointly decided to remain in Germany. Davis testified that his friends and his life are in Germany.

App. at 6–8 (footnotes omitted).

The District Court found that Davis, as an American citizen domiciled in Germany, is "'stateless' for the purposes of diversity jurisdiction, and he cannot sue or be sued under the diversity jurisdiction statute." App. at 10. Therefore, the District Court ruled that it lacked subject matter jurisdiction over the dispute and granted the motion to dismiss. Freidrich appeals.

II.

Freidrich contends that the District Court had diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) because she is a

5

citizen of Ohio and Davis is a citizen of Pennsylvania. We exercise plenary review of a District Court's grant of a motion to dismiss for lack of subject matter jurisdiction, as the question is one of law. *McCann v. Newman Irrevocable Trust*, 458 F.3d 281, 286 (3d Cir. 2006). We review a District Court's factual findings for clear error. *Id.* "Under [the clear-error] standard of review, our sole function is to review the record to determine whether the findings of the District Court were clearly erroneous, i.e., whether we are left with a definite and firm conviction that a mistake has been committed." *Id.* (internal quotation marks and citation omitted).

The statute governing diversity jurisdiction, 28 U.S.C. § 1332(a), provides:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—
>
> (1) citizens of different States;
> (2) citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State;
> (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
> (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

For the purposes of diversity jurisdiction, we have explained that "[c]itizenship is synonymous with domicile, and 'the domicile of an individual is his true, fixed and permanent home and place of habitation. It is the place to which, whenever he is absent, he has the intention of returning.'" *McCann*, 458 F.3d at 286 (quoting *Vlandis v. Kline*, 412 U.S. 441, 454 (1973)). "The party asserting

6

diversity jurisdiction bears the burden of proof." *McCann*, 458 F.3d at 286 (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). "A party generally meets this burden by proving diversity of citizenship by a preponderance of the evidence." *Id.*

The Supreme Court, interpreting § 1332(a), has concluded that American citizens who are domiciled abroad do not satisfy any of the enumerated categories required for a federal court's exercise of diversity jurisdiction. *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828-29 (1989). The Court explained, "[i]n order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States *and* be domiciled within the State." *Id.* at 828. An American citizen living abroad is not domiciled in (nor a citizen of) any State and is therefore "stateless." *Id.* And Americans living abroad are not citizens of foreign states because they are United States citizens. *Id.* at 828-29.

Based upon *Newman-Green* and the language of § 1332(a), we have stated that

> [a]n American citizen domiciled abroad, while being a citizen of the United States is, of course, not domiciled in a particular state, and therefore such a person is "stateless" for purposes of diversity jurisdiction. *See* [*Newman-Green*, 490 U.S. at 828]. Thus, American citizens living abroad cannot be sued (or sue) in federal court based on diversity jurisdiction as they are neither "citizens of a State," *see* 28 U.S.C. § 1332(a)(1), nor "citizens or subjects of a foreign state," *see id.* at § 1332(a)(2).

*Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 184 (3d Cir. 2008). This reasoning is consistent with the approach of other circuits. *See, e.g.*, *D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra*, 661 F.3d 124, 126 (1st Cir. 2011); *ISI Int'l, Inc. v. Borden Ladner Gervais LLP*, 316 F.3d 731, 733 (7th Cir. 2003); *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 68-69 (2d Cir. 1990).

It follows that if Davis, an American citizen, is domiciled in Germany, he is "stateless" for the purposes of diversity jurisdiction, as the District Court held, and cannot sue or be sued in diversity. This conclusion, while troubling, is compelled by the language of the statute and by precedent from both the Supreme Court and our circuit. We find this troubling because it closes the doors of federal court to a citizen of a State who wishes to sue another citizen based on diversity, as in this case. It may be that this "stateless person" doctrine is an unintended consequence flowing from Congress' now possibly outdated assumption that U.S. citizens generally reside in the United States. *See Swiger*, 540 F.3d at 188 (McKee, J., concurring).

We turn next to the District Court's factual finding that Davis was an American citizen domiciled in Germany. Such factual findings are reviewed under the deferential clear-error standard. *See McCann*, 458 F.3d at 286.

Freidrich argues on appeal that, prior to living in Germany, Davis was domiciled in Pennsylvania, and this Pennsylvania domicile, "once acquired is presumed to continue until it is shown to have been changed." Appellant's Br. at 18 (quoting *Washington v. Hovensa LLC*, 652 F.3d 340, 345 (3d Cir. 2011)). While the presumption of continued domicile does not shift the burden of proof to Davis, Freidrich argues that it "shifts the burden of production" to Davis "to provide 'sufficient evidence to rebut the presumption.'" Appellant's Br. at 18 (quoting *Washington*, 652 F.3d at 345). Freidrich contends that domicile is a question of both physical residence and intent, and Davis, in his 2012 Registration and Ballot Request form, checked a box that declared his intent to return to the United States, instead of selecting a box stating "I am a U.S. citizen residing outside the U.S. and I do not intend to return." Appellant's Br. at 13, 20-21; App. at 89. Thus, according to Freidrich, because Davis manifested his intent to return to the United States, he did not produce sufficient evidence to rebut the presumption that his domicile continued to be Pennsylvania.

We do not find clear error in the District Court's conclusions that Davis produced sufficient evidence to rebut the presumption of continued domicile and that Davis is

8

domiciled in Germany. The District Court's finding of a German domicile is based upon both Davis' actions and his declarations of intent. Davis testified that he lives in Germany and that he intends to remain there. Although he exercises his political rights in the United States, Davis does not exercise them at the state or local level. From 2000 to 2011, Davis filed tax returns in both the United States and Germany listing his address in Germany. In addition, Davis' home, business, and family are all located in Germany.

Although Davis continues to have some ties to Pennsylvania, including some bank accounts and a Pennsylvania driver's license, it was not clear error for the District Court to conclude that Davis rebutted the presumption of continuing domicile based upon other evidence favoring a finding of a German domicile. With the presumption destroyed, the burden is on Freidrich to prove diversity of citizenship by a preponderance of the evidence.

Freidrich has failed to meet her burden. Freidrich relies entirely on the Registration and Ballot Request form from 2012 in which Davis stated that he intends to return to the United States. This alone does not satisfy the preponderance-of-the-evidence standard. Davis testified that he made this selection on the form simply because he could not rule out the possibility that he may one day return to the United States. History, and the uncertainty of the world situation, show the wisdom of that caution. The vast majority of the other objective evidence in the record—evidence based upon more than mere statements of his intent—points to Germany as Davis' "true, fixed and permanent home and place of habitation. It is the place to which, whenever he is absent, he has the intention of returning." *McCann*, 458 F.3d at 286 (quoting *Vlandis*, 412 U.S. at 454). We cannot conclude that the District Court's finding that Davis was domiciled in Germany was clear error.

III.

For the reasons set forth above, we affirm the District Court's grant of Davis' motion to dismiss for lack of subject matter jurisdiction.

9