CLD-172                                                                                          **NOT PRECEDENTIAL**

## UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT
_____

No. 14-4056
_____

JOSEPH OSMOND DANIHEL,
                                                            Appellant

v.

OFFICE OF THE PRESIDENT OF THE UNITED STATES OF AMERICA; UNITED
STATES DEPARTMENT OF HOUSING & URBAN DEVELOPMENT; OFFICE OF
UNITED STATES SENATOR OF PENNSYLVANIA; OFFICE OF UNITED STATES
FIRST CONGRESSIONAL DISTRICT OF THE STATE OF PENNSYLVANIA;
OFFICE OF UNITED STATES SECOND CONGRESSIONAL DISTRICT OF THE
STATE OF PENNSYLVANIA; OFFICE OF UNITED STATES THIRTEENTH
CONGRESSIONAL DISTRICT OF THE STATE OF PENNSYLVANIA; THE
COMMONWEALTH OF PENNSYLVANIA; OFFICE OF THE GOVERNOR OF THE
STATE OF PENNSYLVANIA; OFFICE OF STATE SENATOR OF PENNSYLVANIA
SECOND SENATORIAL DISTRICT; OFFICE OF THE MAYOR OF THE CITY OF
PHILADELPHIA; CITY OF PHILADELPHIA; OFFICE OF THE CITY COUNCIL
PRESIDENT OF THE CITY OF PHILADELPHIA; OFFICE OF THE 6TH CITY
COUNSEL DISTRICT OF THE CITY OF PHILADELPHIA; OFFICE OF 7TH CITY
COUNCIL DISTRICT OF THE CITY OF PHILADELPHIA; OFFICE OF 9TH CITY
COUNCIL DISTRICT OF CITY OF PHILADELPHIA; DEREK GREEN;
REDEVELOPMENT AUTHORITY OF THE CITY OF PHILADELPHIA; BRIAN
ABERNATHY, Employee of Philadelphia Redevelopment Authority; MR. CUORATO,
Employee of Philadelphia Redevelopment Authority; MR. SCAFIDI; MS. SMYLER,
Employee of The Philadelphia Redevelopment Authority; ROB DUBOW, Employee of
The Philadelphia Redevelopment Authority; MS. JENNIFER RODRIGUEZ, Employee
of the Philadelphia Redevelopment Authority; MR. ALLEN GREENSBERGER,
Employee of the Philadelphia Redevelopment Authority
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-14-cv-01330)
District Judge:  Honorable Nitza I. Quiñones Alejandro
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 23, 2015
Before: FUENTES, GREENAWAY, JR. and VANASKIE, <u>Circuit</u> <u>Judges</u>

(Opinion filed: June 9, 2015)
_____

OPINION[*]
_____

PER CURIAM

Pro se appellant Joseph Danihel appeals the District Court's order granting the defendants' motions to dismiss his complaint. Several defendants have filed motions to summarily affirm the District Court's judgment. For the reasons set forth below, we will grant those motions and summarily affirm the District Court's judgment as to all defendants.[1] <u>See</u> 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

Although divided into 543 separately numbered paragraphs, Danihel's allegations are reasonably simple. He claims that in February 1991, he bought a home in the "Logan Triangle" neighborhood of Philadelphia, an area where homes were sinking into the ground. In October 1993, Danihel allegedly reached an agreement with the Logan Assistance Office to permanently vacate his home in exchange for $80,000. As agreed, Danihel left his home, but he apparently retained ownership of the land. Later, the City

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

of Philadelphia demolished the home because of its unsafe condition. Both before and after the demolition, the Philadelphia Redevelopment Authority (RDA) sought to purchase the land from Danihel, but the parties were unable to reach an agreement. Eventually, the RDA filed a declaration of taking and seized the land. Danihel contends that he has not received any compensation from the RDA. It is not clear from his complaint whether he received the $80,000 that he was allegedly promised by the Logan Assistance Office.

In March 2014, Danihel filed a complaint against a host of federal and state entities and officials. He alleged that the defendants (1) took his property without paying just compensation as required by the Fifth Amendment; (2) violated his rights under the Equal Protection Clause of the Fourteenth Amendment; (3) violated his due process rights by taking his property without providing him with a jury trial; (4) violated his rights under Title VI of the Civil Rights Act; (5) violated his right to pursue happiness; and (6) committed legal and professional malpractice. He sought $4 million in damages for each claim. The defendants filed motions to dismiss under Fed. R. Civ. P. 12(b)(1) & (b)(6), and the District Court granted those motions, dismissing Danihel's complaint in its entirety. Danihel then filed a timely notice of appeal to this Court.

---

[1] We have jurisdiction pursuant to 28 U.S.C. § 1291 and exercise a plenary standard of review. See Connelly v. Steel Valley Sch. Dist., 706 F.3d 209, 212 (3d Cir. 2013).

We agree with the District Court's disposition of this case.[2]  Central to Danihel's

complaint is his allegation that the defendants have taken his property without paying

proper compensation under the Fifth Amendment.  However, "[a] plaintiff must first seek

compensation through the procedures the State has provided for doing so before asserting

a federal takings claim."  Chainey v. Street, 523 F.3d 200, 222 (3d Cir. 2008).  Danihel

has admittedly not pursued an inverse-condemnation action through Pennsylvania's

Eminent Domain Code; as a consequence, this claim is not yet ripe for our review.  See

id. at 222-23.

We likewise conclude that the District Court properly dismissed Danihel's equal-

protection claim.  Because Danihel has not claimed to be a member of a protected class,

his claim must be premised on a "class-of-one" theory.  See Engquist v. Or. Dep't of

Agric., 553 U.S. 591, 601 (2008).  To make out such a claim, Danihel must "allege[] that

[]he has been intentionally treated differently from others similarly situated and that there

is no rational basis for the difference in treatment."  Vill. of Willowbrook v. Olech, 528

U.S. 562, 564 (2000) (per curiam).  While Danihel states, without elaboration, that other

---

[2] We note at the outset that several of Danihel's claims are barred by sovereign immunity. This includes Danihel's constitutional claims against the Commonwealth and its governor in his official capacity, see, e.g., MCI Telecomm. Corp. v. Bell Atl.-Pa., 271 F.3d 491, 503 (3d Cir. 2001); Melo v. Hafer, 912 F.2d 628, 635 (3d Cir. 1990); his state-law claims against those same parties, see 1 Pa. Cons. Stat. § 2310; 42 Pa. Cons. Stat. §§ 8521–8522; and his constitutional claims against the United States Department of Housing and Urban Development and the president and members of Congress in their official capacities, see FDIC v. Meyer, 510 U.S. 471, 475 (1994); Chinchello v. Fenton, 805 F.2d 126, 130, n.4 (3d Cir. 1986).  The District Court therefore lacked jurisdiction over these claims.  See FDIC, 510 U.S. at 475.

individuals were treated better than him, these conclusory allegations are altogether insufficient to state a claim. See Cnty. Concrete Corp. v. Town of Roxbury, 442 F.3d 159, 171 (3d Cir. 2006) (affirming dismissal of claim resting on similar allegations).

Next, as the District Court explained, "it has long been settled that there is no constitutional right to a jury in eminent domain proceedings." United States v. Reynolds, 397 U.S. 14, 18 (1970). Thus, Danihel's claim that his constitutional right to a jury trial was infringed lacks merit. Moreover, we note that, under Pennsylvania law, Danihel was entitled to request a jury trial in the eminent-domain proceedings, see 26 Pa. Cons. Stat. § 517(b), but he has not stated whether he invoked that right.

We likewise agree with the District Court's analysis of Danihel's claim under Title VI. Title VI provides that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. Danihel has not alleged that he was harmed due to his membership in a Title VI class, and his claim therefore fails as a matter of law. See generally Pryor v. Nat'l Collegiate Athletic Ass'n., 288 F.3d 548, 562 (3d Cir. 2002).

Nor did the Court err in dismissing Danihel's claim that the defendants infringed his right to pursue happiness. He has raised this claim via 42 U.S.C. § 1983;[3] "[t]o state a

---

[3] He also relies on Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), but this distinction is of no consequence. See generally Brown v. Philip Morris Inc., 250 F.3d 789, 800 (3d Cir. 2001) ("A Bivens action, which

claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States." West v. Atkins, 487 U.S. 42, 48 (1988). Danihel has not identified any constitutional provision or federal law that guarantees his right to happiness, and his claim therefore will not lie. Cf. Troxel v. Granville, 530 U.S. 57, 91 (2000) (Scalia, J., dissenting) ("[t]he Declaration of Independence . . . is not a legal prescription conferring powers on the courts").

We also agree with the District Court that Danihel failed to allege that he possessed the requisite relationship with any of the defendants to sustain a malpractice claim. See Post v. St. Paul Travelers Ins. Co., 691 F.3d 500, 521 (3d Cir. 2012); Cost v. Cost, 677 A.2d 1250, 1253–54 (Pa. Super. Ct. 1996).

Moreover, the District Court did not violate Danihel's right to a jury trial under the Seventh Amendment by granting the motions to dismiss. See, e.g., Haase v. Countrywide Home Loans, Inc., 748 F.3d 624, 631 n.5 (5th Cir. 2014). Finally, given the serious failings in Danihel's complaint — and the fact that the numerous documents Danihel has filed in this Court give no indication that he can cure its deficiencies — we are satisfied that amendment would have been futile. The District Court therefore did not err in dismissing the complaint without providing leave to amend. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).

is the federal equivalent of the § 1983 cause of action against state actors, will lie where the defendant has violated the plaintiff's rights under color of federal law.").

Accordingly, we will grant the defendants' motions and summarily affirm the District Court's judgment. Danihel's petition for coram nobis, his requests that the Court take judicial notice of various facts, and his other pending requests are all denied.