BLD-071                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2070
_____

CHRISTOPHER WILLS,
                                    Appellant

v.

USP CANAAN;
UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3:13-cv-01787)
District Judge:  Honorable James M. Munley
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 3, 2015

Before:  FUENTES, KRAUSE and SCIRICA, Circuit Judges

(Opinion filed: December 16, 2015)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Appellant Christopher Wills, proceeding pro se, appeals from an order of the United States District Court for the Middle District of Pennsylvania granting the Government's motion to dismiss his complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. Because this appeal does not present a substantial question, we will summarily affirm for the reasons set forth below. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

Wills is a prisoner currently incarcerated at United States Penitentiary, Allenwood in White Deer, Pennsylvania. Wills brought this action in 2013 pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-80, alleging negligence against the Government. Wills claims that he was sickened as a result of consuming chicken fajitas that were tainted with salmonella in 2011 while incarcerated at United States Penitentiary, Canaan[1] ("USP Canaan") in Waymart, Pennsylvania. Wills named the United States of America and USP Canaan as Defendants (collectively, "the Government")[2] in this action. The Government moved to dismiss Wills's complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction based on Wills's failure to exhaust his administrative tort claim under the FTCA. Upon recommendation of the Magistrate Judge, the District Court granted the motion and dismissed Wills's FTCA claim by Order entered on March 19, 2015.

---

[1]    It is undisputed that an incident of food poisoning occurred at USP Canaan in June of 2011, and numerous lawsuits have been filed in the United States District Court for the Middle District of Pennsylvania arising from that incident.

[2]    "The Government is the only proper defendant in a case brought under the FTCA." CNA v. United States, 535 F.3d 132, 138 n.2 (3d Cir. 2008).

Wills now appeals that Order. The Clerk granted Wills leave to proceed in forma pauperis and notified Wills that his appeal was subject to possible dismissal under 28 U.S.C. § 1915(e)(2) or summary affirmance pursuant to Third Circuit Local Appellate Rule 27.4 and I.O.P 10.6. Wills was invited to submit argument in support of his appeal, but he did not do so. Additionally, the Government filed a motion asking this Court to summarily affirm the District Court's Order. Wills filed a response to the Government's motion. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's order granting the motion to dismiss for lack of subject matter jurisdiction, as the question is one of law. See Freidrich v. Davis, 767 F.3d 374, 377 (3d Cir. 2014). We review the District Court's factual findings for clear error. Id.

Although Wills named the United States of America as a Defendant in this action, the United States has sovereign immunity from civil liability, except where it has consented to suit. See United States v. Bormes, 133 S. Ct. 12, 16 (2012). The FTCA is a limited waiver of the United States' sovereign immunity, and, accordingly, prisoners may raise negligence claims against the United States under the Act. See United States v. Muniz, 374 U.S. 150, 152-53 (1963). However, as this Court recently explained in Shelton v. Bledsoe, "[n]o claim can be brought under the FTCA unless the plaintiff first presents the claim to the appropriate federal agency and the agency renders a final decision on the claim." 775 F.3d 554, 569 (3d Cir. 2015) (citing 28 U.S.C. § 2675(a)); see also Deutsch v. United States, 67 F.3d 1080, 1091 (3d Cir. 1995) ("[A] claimant must have first presented the claim, in writing and within two years after its accrual, to the

3

appropriate federal agency, and the claim must have been denied.").  Because the FTCA permits suits against the Government by private parties, its presentment requirement and limitation periods are considered jurisdictional.  See Roma v. United States, 344 F.3d 352, 362 (3d Cir. 2003); see also Shelton, 775 F.3d at 569 ("This requirement is jurisdictional and cannot be waived.").

The proper agency for Wills to present his FTCA claim to was the Bureau of Prisons ("BOP").  The parties sharply disputed before the District Court whether Wills presented an administrative tort claim to the BOP.  Under the BOP's Program Statement 1320.06, administrative tort claims are to be filed with the appropriate BOP regional office in the region where the injury or loss occurred.  In this instance, Wills's alleged injury occurred in Pennsylvania, and thus, his administrative tort claim should have been presented to the BOP's Northeast Regional Office ("NERO") in Philadelphia.  The Government initially moved to dismiss Wills's FTCA claim because the BOP could not locate any record of Wills filing an administrative tort claim with NERO related to the salmonella outbreak.

At that time, Wills presented the District Court with two letters – one dated August 20, 2011 and one dated February 6, 2012 – purportedly sent to NERO in support of his assertion that he had exhausted his claim related to the salmonella outbreak.  These letters were, however, inexplicably stamped "Received" by the BOP's Southeast Regional Office ("SERO") which is located in Atlanta, Georgia.  When Wills initially presented these letters before the District Court, the Government withdrew its motion to dismiss the FTCA claim.  Subsequently, the Government continued its investigation and

4

determined that these letters were fabricated. Thereafter, the Government renewed its motion to dismiss for lack of subject matter jurisdiction based on Wills's failure to exhaust.

In resolving the renewed motion to dismiss, the District Court relied upon a declaration provided by the Government from a Legal Instruments Examiner at SERO. That declaration explained that, based upon a search of the BOP's nationwide administrative tort claims database, Wills had not filed an administrative tort claim regarding his alleged June 2011 salmonella-related injury in any of the BOP's Regional Offices, and there was no evidence that either of Wills's two purported exhaustion letters were received by the BOP. The declaration further detailed how the date stamps on the letters marking them as "Received" by SERO were not consistent with SERO's standard practice for mail receipt. Specifically, the February 6, 2012 letter was marked as "Received" by SERO on Saturday, June 2, 2012 – four months after it was allegedly mailed. The declaration indicated that SERO is closed on Saturdays and no mail is received, such that the June 2, 2012 date stamp is likely not authentic. Additionally, both the August 20, 2011 letter and the February 6, 2012 letter were stamped "Received" on both the first and last page. The declaration established that standard practice at SERO is to mark only the first page of a document as "Received," not both the first and last pages.

After reviewing this evidence and considering Wills's arguments, the District Court determined that Wills's exhaustion evidence was "neither credible nor persuasive." The District Court concluded that Wills's contention that he mailed two letters to NERO in Philadelphia, which were both received by SERO in Atlanta (one of which allegedly

5

arrived four months after it was mailed) was "wholly unbelievable" particularly in light of the declaration provided by the Government. Based on the declaration and the fact that a Saturday date stamp and the multiple date-stamped pages were inconsistent with SERO's mail handling procedures, the District Court found that Wills's letters were not credible evidence demonstrating that his FTCA claim had been properly exhausted. Accordingly, the District Court determined that Wills failed to meet his burden to establish jurisdiction and granted the Government's motion to dismiss the claim.

In this case, the Government's motion to dismiss constituted a factual attack on the existence of subject matter jurisdiction over Wills's FTCA claim by the District Court. Accordingly, the District Court correctly observed that it was free to weigh the evidence presented and satisfy itself that the exercise of its jurisdiction was proper. See Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977) (recognizing that the "crucial distinction" between a facial attack and a factual attack under Rule 12(b)(1) allows the District Court to "proceed as it never could under 12(b)(6) or Fed.R.Civ.P. 56."). In doing so, the burden fell to Wills, as the plaintiff, to demonstrate that jurisdiction did in fact exist. Id.

When reviewing for clear error, "our sole function is to review the record to determine whether the findings of the District Court were clearly erroneous, i.e., whether we are left with a definite and firm conviction that a mistake has been committed." McCann v. Newman Irrevocable Trust, 458 F.3d 281, 286 (3d Cir. 2006) (internal quotation marks and citation omitted). Accordingly, we must accept the factual determinations by the District Court unless those determinations are "either (1) …

6

completely devoid of minimum evidentiary support displaying some hue of credibility, or (2) bear[] no rational relationship to the supportive evidentiary data." Krasnov v. Dinan, 465 F.2d 1298, 1302 (3d Cir. 1972). Our review of the record establishes that the District Court's findings were not clearly erroneous with respect to the nature of Wills's purported exhaustion evidence. Because this evidence was the sole evidence Wills proffered to establish that his FTCA claim had been properly exhausted, and the District Court did not find this evidence credible, the District Court was correct in granting the Government's motion to dismiss because it lacked jurisdiction over Wills's FTCA claim. See Shelton, 775 F.3d at 569.

Accordingly, and for the foregoing reasons, we will grant the Government's motion and summarily affirm the judgment of the District Court.