ALD-084                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2458
_____

JOSEPH DANIHEL,
                              Appellant

v.

OFFICE OF PRESIDENT; US HUD; US SENATOR PA;
US SENATOR PA; 1ST CONGRESSIONAL DIST;
2ND CONGRESSIONAL DIST; 13TH CONGRESSIONAL DIST;
COMMONWEALTH PA; GOVERNOR OFFICE PA;
STATE SENATOR, 2ND DIST; MAYOR OFFICE;
CITY OF PHILA; CITY COUNCIL PRESIDENT;
6TH DISTRICT CITY COUNCIL; 7TH DISTRICT CITY COUNCIL;
9TH DISTRICT CITY COUNCIL; DERECK GREEN; PHILA REDEVELOP AUTH;
BRIAN ABERNATHY; MR. COORATO; MR. SCAFIDI; MS. SMYLER;
MR. DUBROW; MR. GREENSBERGER; MS. RODRIGUEZ
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-14-cv-06880)
District Judge: Honorable Mark A. Kearney
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 17, 2015

Before: AMBRO, SHWARTZ and GREENBERG, Circuit Judges

(Filed: January 5, 2016)

_____

OPINION*

_____

PER CURIAM

Joseph Danihel, proceeding pro se, seeks to appeal from five orders issued by the District Court in this civil rights action. For the reasons that follow, we will dismiss this appeal in part because Danihel's challenge to two of those orders is time-barred. As for the remaining three orders, we will summarily affirm each of them.

I.

In March 2014, Danihel filed a pro se complaint in the District Court against a host of federal and state entities and officials. "Central to Danihel's complaint [was] his allegation that the defendants ha[d] taken his property without paying proper compensation under the Fifth Amendment." Danihel v. Office of the President of the U.S., 616 F. App'x 467, 470 (3d Cir. 2015) (per curiam) [hereinafter Danihel I]. The defendants moved to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). In September 2014, District Judge Nitza I. Quiñones Alejandro granted those motions and closed the case. Danihel timely appealed, and we summarily affirmed that judgment in June 2015. See Danihel I, 616 F. App'x at 471-72.

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

While that appeal was pending, Danihel commenced the action at issue here, filing a second pro se complaint against the same defendants. Once again, the defendants moved to dismiss. On January 7, 2015, Judge Quiñones Alejandro granted those motions and closed the case. In doing so, she explained that

> [a] fair reading of Plaintiff's second complaint reveals that Plaintiff seeks to litigate the same claims dismissed by this Court for lack of subject matter jurisdiction in the previous action which is pending on appeal. Because Plaintiff's complaint in this action suffers from the same jurisdictional defects as that filed in Danihel I, Plaintiff's instant complaint is dismissed for lack of subject matter jurisdiction.

(Dist. Ct. Order docketed Jan. 7, 2015, at 2 n.2.)

Shortly thereafter, Danihel filed in the District Court documents titled "Writ of Error Quae Coram Nobis Residant" and "Motion for Contempt," respectively. While those filings were pending, this case was reassigned from Judge Quiñones Alejandro to District Judge Mark A. Kearney. On February 13, 2015, Judge Kearney addressed the two new filings. Judge Kearney liberally construed the coram nobis filing as a motion for relief from the District Court's January 7, 2015 judgment pursuant to Federal Rule of Civil Procedure 60,[1] and concluded that such relief was not warranted. Meanwhile, Judge Kearney denied the motion for contempt "as lacking any legal or factual basis other than disappointment in the Court's rulings." (Dist. Ct. Order docketed Feb. 13, 2015.)

---

[1] Judge Kearney took this approach because Rule 60(e) has abolished writs of coram nobis in federal civil actions. See Fed. R. Civ. P. 60(e).

In the weeks that followed, Danihel filed two more "Motion[s] for Contempt," as well as documents with the following titles: "Third Judicial Notice Filed Addendum Nunc Pro Tunc," "Second Writ of Error Quae Coram Nobis Residant," and "Notice of Reminder to Magistrate in This Court of Record." In response, some of the defendants (referred to by the District Court as the "Congressional Defendants") moved for an order to show cause why a filing injunction should not be imposed against Danihel. On March 13, 2015, Judge Kearney denied Danihel's various requests for relief and denied the motion for a show cause order without prejudice.[2] Judge Kearney explained that "[i]f there was any doubt before, Plaintiff is now specifically notified that any further filing related to these claims in this Court will be grounds for the consideration of civil contempt, and the narrowly tailored injunction requested by the Congressional Defendants." (Dist. Ct. Order docketed Mar. 13, 2015, at 2.)

Shortly thereafter, Danihel filed yet another "Motion for Contempt" and a document titled "Third Writ of Error Quae Coram Nobis Residant." On April 2, 2015, Judge Kearney denied these requests for relief. Undeterred, Danihel submitted a host of new filings over the next two weeks, which caused the Congressional Defendants to renew their motion for a show cause order. On April 20, 2015, Judge Kearney ordered Danihel to show cause why the District Court "should not enter a narrow pre-filing injunction prohibiting him from making any further filings in this matter or commencing

_____

[2] Judge Kearney once again liberally construed Danihel's request for coram nobis relief as a Rule 60 motion.

4

any new actions concerning the same subject matters without first receiving leave of this Court to do so." (Dist. Ct. Order docketed Apr. 20, 2015.)

Danihel timely filed his response to the show cause order. Thereafter, on April 30, 2015, Judge Kearney entered an order that denied five more motions from Danihel and imposed a filing injunction against him. The injunction order contained the following three provisions. First, the District Court Clerk was directed to "not accept any of Plaintiff's further filings in this matter without prior approval of this Court." (Dist. Ct. Order docketed Apr. 30, 2015, at 2.) Second, Danihel was "enjoined from commencing any new civil matters against the named Defendants that relate, or could relate, to the subject matter of this action without leave of Court." (Id. (emphasis omitted).) If Danihel wished to file such an action, he would have to first certify that (a) "the claims being presented have never before been raised or disposed of on the merits by a federal court," (b) "he believes the facts contained in the Complaint to be true," and (c) "there is no reason why the claims are foreclosed by controlling law." (Id.) Third, any future actions taken by Danihel "in violation of this Order notwithstanding his claim as a 'sovereign' citizen, may result, upon petition, in a Rule to Show Cause as to why he should not be held in civil contempt and face sanctions and other penalties caused by his disregard for this Court." (Id.)

On May 27, 2015, Danihel filed a notice of appeal, seeking to challenge Judge Quiñones Alejandro's January 7th order and Judge Kearney's February 13th, March 13th, April 2nd, and April 30th orders.

## II.

At the outset, we must determine which of the District Court's orders are properly before us. Because some of the parties in this case are federal entities/officials, a 60-day appeal period governs here. See Fed. R. App. P. 4(a)(1)(B). This time limit, which generally begins to run when the order in question is "entered," see id., is "mandatory and jurisdictional." Bowles v. Russell, 551 U.S. 205, 209 (2007) (quoting Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 61 (1982) (per curiam)). Typically, an order is deemed "entered" when it is placed on the docket. See Fed. R. Civ. P. 58(c). However, if the order does not satisfy Federal Rule of Civil Procedure 58(a)'s separate document requirement, the order is not deemed "entered" until 150 days after it is docketed. See Fed. R. Civ. P. 58(c).

Here, Judge Quiñones Alejandro's January 7th order did not satisfy the separate document requirement because it contained the reasons underlying her decision. See LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n, 503 F.3d 217, 224 (3d Cir. 2007). Accordingly, that order was considered "entered" on Monday, June 8, 2015, thereby giving Danihel until August 7, 2015, to appeal from that order. Because he filed his notice of appeal before that deadline, his appeal is timely as to that order. The same cannot be said for his challenge to Judge Kearney's February 13th and March 13th orders. Those post-judgment orders did not have to comply with the separate document requirement. See Fed. R. Civ. P. 58(a). As a result, the deadlines for appealing from them were April 14, 2015, and May 12, 2015, respectively. Because Danihel did not file

6

his notice of appeal until May 27, 2015, his appeal is time-barred as to those two orders. However, his appeal *is* timely as to Judge Kearney's April 2nd and April 30th orders, as the notice of appeal was filed within 60 days of these orders.

In light of the above, we will dismiss Danihel's challenge to Judge Kearney's February 13th and March 13th orders. We now turn to the merits of Danihel's challenge to the three remaining orders.[3]

### III.

We begin with Judge Quiñones Alejandro's January 7th order, which dismissed Danihel's second complaint. We review that decision under a plenary standard. See Friedrich v. Davis, 767 F.3d 374, 377 (3d Cir. 2014). Judge Quiñones Alejandro determined that, because Danihel's second complaint effectively reiterated the claims that he had raised in his first complaint, the second complaint was subject to dismissal for the same reasons as the first complaint.

We need not disturb Judge Quiñones Alejandro's dismissal of Danihel's second complaint. Although the causes of action listed in that pleading are labeled differently than those in the first complaint, the two complaints effectively make the same substantive arguments. See Jarbough v. Att'y Gen., 483 F.3d 184, 189 (3d Cir. 2007) ("We are not bound by the label attached by a party to characterize a claim and will look

---

[3] We have jurisdiction over these orders pursuant to 28 U.S.C. § 1291. We may summarily affirm them if this appeal fails to present a substantial question, see 3d Cir. I.O.P. 10.6, and we may do so on any basis supported by the record, see Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

beyond the label to analyze the substance of a claim.").  We rejected those arguments in

Danihel I, and we find no reason to take a different approach here.  To the extent that

Danihel's second complaint could be construed as raising new claims that fall within the

scope of the District Court's jurisdiction, we conclude that any such claims are barred by

the doctrine of claim preclusion because he could have raised them in his first complaint.

See Rivet v. Regions Bank of La., 522 U.S. 470, 476 (1998).

We now turn to Judge Kearney's April 2, 2015 order, which denied Danihel's

"Third Writ of Error Quae Coram Nobis Residant" and one of Danihel's many

"Motion[s] for Contempt."  In support of this denial, Judge Kearney stated as follows:

> Mr. Danihel has now filed at least three writs of error since
> the Honorable Nitza Quiñones Alejandro dismissed his case
> on January 7, 2015.  In each of these motions Mr. Danihel
> challenges the authority of this Court to pass judgment on his
> various filings.  His case has now been dismissed twice and
> Mr. Danihel is understandably upset that he cannot proceed in
> this Court.  However, we have denied Mr. Danihel's prior
> writs of error and Mr. Danihel has not adduced additional
> facts in his current motion to warrant a reversal of course.

(Dist. Ct. Order docketed Apr. 2, 2015 (citation omitted).)  We find no error in this

analysis, and we agree with Judge Kearney's decision to deny these requests for relief.

Lastly, we consider Judge Kearney's April 30th order, which denied five

additional motions from Danihel — four more "Motion[s] for Contempt" and one titled

"Motion to Comply" — and imposed the filing injunction against him.  We see no reason

to disturb Judge Kearney's denial of those five motions, and we focus our discussion on

the filing injunction.

8

The All Writs Act, 28 U.S.C. § 1651(a), permits district courts to issue filing injunctions "to preclude abusive, groundless and vexatious litigation." Brow v. Farrelly, 994 F.2d 1027, 1038 (3d Cir. 1993). However, to ensure a litigant's right to due process and access to the courts, a district court must comply with the following three requirements. See id. First, filing injunctions are not appropriate "absent exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions." Id. Second, "[i]f the circumstances warrant the imposition of an injunction, the District Court must give notice to the litigant to show cause why the proposed injunctive relief should not issue." Id. Lastly, "the scope of the injunctive order must be narrowly tailored to fit the particular circumstances of the case before the District Court." Id. We review a district court's decision to impose a filing injunction for abuse of discretion. See Abdul-Akbar v. Watson, 901 F.2d 329, 331 (3d Cir. 1990).

Judge Kearney did not abuse his discretion in imposing the filing injunction against Danihel, as each of the aforementioned requirements is satisfied. First, the filing injunction came in response to Danihel's relentless barrage of meritless filings, the vast majority of which were submitted after his second complaint was dismissed. Second, Judge Kearney gave Danihel ample notice of the possibility of a filing injunction and afforded Danihel an opportunity to show cause why such an injunction should not be imposed. Finally, the filing injunction crafted by Judge Kearney is narrowly tailored. It applies only to a small subset of cases (the present case and new civil actions brought

9

against these same defendants that relate, or could relate, to the subject matter of this case) and it allows Danihel to seek the District Court's permission to file actions that fall within that subset.

Because this appeal does not present a substantial question, we will summarily affirm the District Court's January 7, 2015, April 2, 2015, and April 30, 2015 orders.