NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1672
_____

ANGELO RALPH BIZZARRO,
                                        Appellant

v.

FIRST NATIONAL BANK
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 1:18-cv-00173)
Magistrate Judge: Honorable Richard A. Lanzillo

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on May 1, 2020

Before: JORDAN, BIBAS, and PHIPPS, Circuit Judges

(Opinion filed:  May 11, 2020)

## OPINION[*]

PER CURIAM

Pro se appellant Angelo Bizzarro, a resident of Erie, Pennsylvania, filed a federal complaint against First National Bank (FNB) based on an unauthorized withdrawal from his account. The factual allegations in the complaint state, in toto, "First National Bank was negligent in approving a withdrawal of account funds to a third party without confirming the account holder's . . . identification." Complaint, D.C. Dkt. No. 1, ¶ VI. The magistrate judge, ruling with the consent of the parties, granted FNB's motion to dismiss for lack of jurisdiction, and Bizzarro appealed.[1] For the reasons that follow, we will affirm the judgment dismissing the complaint for lack of subject-matter jurisdiction.

We have jurisdiction under 28 U.S.C. § 1291. We construe Bizzarro's pro se complaint liberally, see Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam), and review the order dismissing the complaint de novo, see Farina v. Nokia Inc., 625 F.3d 97, 110 (3d Cir. 2010).

In this case, the only possible grounds on which the District Court's jurisdiction might rest are federal-question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] Bizzarro presents a motion to expedite the appeal. Additionally, FNB filed a motion to seal the supplemental appendix, of which it has submitted both redacted and unredacted versions.

28 U.S.C. § 1332. A district court has federal-question jurisdiction in a case where a plaintiff makes a nonfrivolous allegation that he or she is entitled to relief under the U.S. Constitution or a federal statute. See Growth Horizons, Inc. v. Delaware County, 983 F.2d 1277, 1281 (3d Cir. 1993). Here, Bizzarro's allegations of negligence and misappropriation sounded in state law. No federal statute or constitutional provision served as the basis for any claim in this case; federal question jurisdiction therefore did not lie.

A district court has diversity jurisdiction in a case "between . . . citizens of different States" where the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs." Freidrich v. Davis, 767 F.3d 374, 377 (3d Cir. 2014) (quoting 28 U.S.C. § 1332(a)(1)). This means that unless there is some other basis for jurisdiction, "no plaintiff [may] be a citizen of the same state as any defendant." Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 419 (3d Cir. 2010). Here, according to the complaint, Bizzarro is a citizen of Pennsylvania. In an attachment to the motion to dismiss, FNB provided its articles of incorporation, which note that FNB's main office is located in Greenville, Pennsylvania. Thus, FNB is also considered a citizen of Pennsylvania for the purpose of diversity jurisdiction. See Wachovia Bank v. Schmidt, 546 U.S. 303, 307 (2006) ("[A] national bank . . . is a citizen of the State in which its main office, as set forth in its articles of

3

association, is located."). Because both parties are citizens of the same state, the District Court did not have diversity jurisdiction.

Accordingly, because neither diversity nor subject-matter jurisdiction existed, we will affirm the District Court's judgment granting FNB's motion to dismiss.[2]

---

[2] Bizzarro's motion to expedite the appeal is denied. FNB's motion to seal the supplemental appendix is denied in light of the fact that an appropriately redacted version of the appendix (which excludes the personal identifying information of Bizzarro and a third party) has been filed. The provisionally sealed, unredacted supplemental appendix is struck from the record.